## PIO PICO v. NICOLAS COLIMAS, ANTONIO CANTO AND O. P. PASSONS.

PLEADINGS.—If the complaint is sworn to, a general denial in the answer admits all its material allegations.

TRESPASS ON LANDS.—If the complaint, in an action to recover damages for an alleged trespass, avers that the defendant unlawfully entered on plaintiff's land and tore down a gate, the gist of the action is the entry, and the removal of the gate is mere matter of aggravation; and if the plaintiff fail to prove the gist he cannot recover for the matter of aggravation.

JUSTIFICATION OF TRESPASS.—In trespass *quare clausum fregit*, where the complaint avers matter of aggravation after the entry, an answer justifying the aggravating matter, but admitting plaintiff's title and possession, does not state facts sufficient to constitute a defense.

EASEMENT.—One who owns an easement upon the land of another has a right to enter on the land to keep the easement in repair, but aside from this and analagous purposes he has no right of entry.

ANSWER IN TRESPASS.—In trespass *quare clausum fregit*, an answer justifying merely because the defendant has an easement on the land, contains no defense.

IDEM.—An answer justifying a trespass on the ground of official duty should aver that the defendant is an officer, and what his official duty is. If there are other defendants, and the answer is intended to apply to them, it should state that they entered in aid of the officer.

WATER COMMISSIONER.—A Water Commissioner appointed under the Act of May 15th, 1854, to regulate watercourses, etc., has no power, as such, to repair a watercourse or to remove an obstruction from it.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The plaintiff was the owner of a tract of land called the "Ranchito," in Los Angeles County, formerly granted to Juan Crispin Perez by the Mexican Government. Across the "Ranchito," at the time of the commencement of this action and previously, there ran a certain *zanja* or watercourse, partly artificial and partly natural, known as the "*Zanja de San Samuel*," through which flowed water taken from the San Gabriel River to lands owned by the defendants, Colimas, Passons, and others. The water flowing through this *zanja* was used for irrigation. Plaintiff in 1866 placed across this *zanja* on the "Ranchito" a water gate for the purpose of turning water out of the same to irrigate his lands. The defendants claimed that he had no right to do so, and that they were entitled to the use of the water, and entered

upon the " Ranchito " and removed the water gate. Judg-
ment was rendered in favor of the defendants in the Court
below, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Glassell & Chapman*, for Appellant.

The facts found, and the admissions of the pleadings show
conclusively, that the plaintiff was the owner and possessor of
the land on which was the *zanja* referred to.   Hence, *prima
facie*, the plaintiff had the right to the reasonable use of the
water therein for irrigating his said lands.   (Angel on Water-
courses, Secs. 5, 8, 142 ; Washburn on Easements, pp. 238–9,
234–5.)   The interference by defendants with this *prima facie*
right of plaintiff is declared in the findings and admitted by
the pleadings.   Thereby the burden is cast upon the defend-
ants to *avoid* the consequences of this interference.   The only
matter sufficiently pleaded or set up for this purpose is the
alleged concession to defendants of the exclusive right to this
*zanja*, which allegation is not found to be true.   As to the
pleadings, see *Coles* v. *Saulsby*, 21 Cal. 50 ; *Smith* v. *Owen*, 21
Cal. 11 ; *Piercy* v. *Sabin*, 10 Cal. 22, and Id. 303 ; *Green* v.
*Palmer*, 15 Cal. 411.   The evidence equally fails to establish
any defense or justification under the authority of alleged
Water Commissioners.   None of the acts requisite for the
establishment of such a claim have been proven.   As to what
some of these requisites are, see Wash. on E. pp. 327–8 ;
Angel on W. C. Secs. 475–7 ; *Bensley* v. *M. Lake W. C.* 13
Cal. 313.

*V. E. Howard*, for Respondents.

By the Court, SHAFTER, J. :

This is an action to recover damages for an alleged trespass
upon a tract of land in the County of Los Angeles, known as
" The Ranchito." It is charged that the defendants unlaw-
fully entered upon said lands and tore down the gate of a cer-

tain *zanja*, or ditch, crossing the same and used by the plaintiff for the purpose of irrigation. The general denial contained in the answer must be disregarded, for the complaint was sworn to. The plea of a former action pending requires no attention, for there was no evidence tending to prove it. There were two defenses stated in the answer, however, with reference to which evidence appears to have been taken at the trial, and those defenses are made topics of discussion and controversy here. The first of these defenses admits that " The Ranchito," the *locus in quo*, is the property of the plaintiff, and that the *zanja* mentioned in the complaint crosses the said place; and it is averred that the *zanja* is a servitude thereon; that said servitude is vested in the defendants, and that the plaintiff has no right or title to the ditch nor to the use of the water running in it. In the statement of the second defense the defendants " *admit* that the defendant Colimas is a Water Commissioner, or *Zanjero* for the District of Nietos, in which the *zanja* is situate, duly chosen and qualified; and they allege that said Colimas, in the rightful discharge of the duties of his office, removed from the said *zanja* one or more water gates which said plaintiff had, without right, and contrary to law, erected on said water ditch, and by means of which plaintiff or his agents were wrongfully diverting the water from said *zanja* and these defendants."

First—The gist of the action is the alleged entry upon the Ranchito. The removal of the gate from the *zanja* is not any part of the cause of action, but is mere matter of aggravation. (*Taylor* v. *Cole*, 3 T. R. 292; 2 Hil. on Torts, 221.). Failing to prove the gist there could be no recovery by the plaintiff for the injury to the *zanja* (*Eames* v. *Prentice et als.*, 8 Cush. 337; *Carpentier* v. *Mendenhall*, 28 Cal. 484), and a special defense not justifying the real *gravamen* of the action would be no justification in effect. Now the first plea admits that the title to and possession of the *locus in quo* were in the plaintiff, and seeks to justify the entry of the defendants thereon on the ground simply that they had the right to an existing watercourse thereon for the purposes of irrigation.

But it does not follow from defendants' ownership of the easement alleged, that they had the right to enter upon the "Ranchito" at will, or irrespective of occasion. If the defendants owned the easement, they had the right to enjoy it. (*Wood* v. *Truckee Turnp. Co.*, 24 Cal. 474.) As ancillary to a reasonable enjoyment of it, they had the right to enter upon the "Ranchito" for the purpose of keeping the *zanja* in repair, or freeing it from obstructions prejudicial to the easement. But aside from these and analagous purposes, the defendant had no right to enter upon the lands affected by the servitude. To hold otherwise would be to clothe the defendants with rights not involved in the servitude, nor deducible from it. (*Atkins* v. *Boardman*, 2 Met.) The plea in question states the easement and stops. It should have kept on and averred, if such was the fact, that the defendants' enjoyment of the easement was impeded by the gate named in the complaint; and that the entry complained of was made for the purpose of removing the obstruction; and that nothing was done either to the gate or land except what was necessary to accomplish that result. (2 Ch. Pl. 569.) The plea, then, is substantially defective. It neither justifies the entry upon the "Ranchito" nor the demolition or removal of the gate of the *zanja*, assuming that to be the gist, or of the gist, of the action. Further, the matters omitted in the plea are not found by the referee to have existed as facts, nor was there any evidence tending to prove that the defendants had an exclusive right as alleged to all the water running in the *zanja*, however the supply might be in excess of defendants' needs; nor was there any evidence that the defendants entered upon the *locus in quo* as owners of the easement and for the purpose of removing an impediment to its beneficial enjoyment. To the contrary, the evidence was that the defendant Colimas "took up the gate for the reason that he was *Zanjero*"—that is, on the ground of official duty, and not on the ground of personal right.

Second—The second special defense is also fatally defective. In the first place, it is not pleaded as a defense to the real

cause of action—the entry upon the Ranchito—but to the removal of the water gate, a matter of aggravation, as we have seen. In the second place, the plea is not interposed for the benefit of all the defendants, but for the protection of Colimas only. Nor do the other defendants justify as having entered upon the land, or acted in the removal of the gate, in aid of Colimas as "*Zanjero* or Commissioner." In the third place, under the statutes of this State, a Water Commissioner has no power, as such, to repair or to remove an obstruction from a watercourse. That duty, if devolved upon any one, is cast upon another and distinct functionary called an "overseer," who is the executive officer of the statute system. (2 Hitt. par. 7,278.) In the fourth place, the plea does not aver that Colimas was a Commissioner, it simply "admits" it. But the complaint does not charge it. In the fifth place, it is not averred that the removal of the gate, which Colimas attempts to justify, is the removal mentioned in the complaint. In the sixth place, the averments are mainly of conclusions of law. To all this it may be added that the defense, as presented in the evidence, is as imperfect as the statement of it in the plea.

Judgment reversed and new trial ordered, with leave to the defendants to amend their answer.