[Civ. No. 796.   First Appellate District.—June 1, 1910.]

KATE V. BROWN, etc., Respondent, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, a Corporation, Appellant.

APPEAL—NOTICE—JUDGMENT AND ORDER—SUFFICIENCY OF EVIDENCE—RECORD—JUDGMENT-ROLL—ABSENCE OF EVIDENCE—PRESUMPTION—AFFIRMANCE.—Where a notice of appeal was from the judgment and from an order denying a new trial, and the appeal is based upon the sole ground that the evidence does not support the findings, but the sole record upon appeal consists of the judgment-roll comprising the complaint, answer, findings and judgment, without any evidence brought up, and the transcript fails to show that any motion for a new trial was made, in this condition of the record, it must be assumed that the evidence was sufficient to support the findings, and where the findings are sufficient to support the judgment, the judgment and order must be affirmed.

ID.—ACTION BY WIFE UPON BENEFIT CERTIFICATE—PRESUMPTION OF DEATH OF HUSBAND—DILIGENT SEARCH—CONCLUSIVE FINDING.—In an action by a wife upon a benefit certificate payable to her upon her husband's death, his death must be presumed from his prolonged absence for seven years, where it is conclusively found, in the absence of any evidence in the record, that the wife had made diligent search for her absent husband, and had made inquiries at all places where her husband might reasonably be expected to be found, if alive, and that she had exhausted every source of information in her efforts to locate him, but all without avail.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

D. S. Hirshberg, for Appellant.

Charles A. Shurtleff, and Robert B. Gaylord, for Respondent.

KERRIGAN, J.—This is an action based upon a benefit certificate issued by the defendant to the husband of the plaintiff, by the terms of which, upon the husband's death, the defendant agreed to pay to the plaintiff the sum of $2,000.

The plaintiff's husband, Willis F. Brown, disappeared in October, 1900, and had not been heard from for more than seven years when this action was brought. In the trial court judgment went for the plaintiff, and this appeal, according to the notice thereof, is from the judgment and from an order denying a motion for a new trial.

The appeal from the judgment is based on the sole ground that the evidence does not support the findings. The only record on appeal, however, is the judgment-roll, i. e., the complaint, answer, findings and judgment. No evidence has been brought up, and the transcript also fails to show that any motion for a new trial was ever made. In this condition of the record we are bound to assume that the evidence was sufficient to support the findings. And upon examination of the findings it is apparent that they support the judgment.

Giving full force to the authorities cited to sustain appellant's position, that in addition to the absence of an individual for seven years, it must also appear that a diligent effort has been made to locate the absentee, still we cannot perceive how this aids appellant, for the court found that plaintiff had made inquiries in all places where her husband might reasonably be expected to be found if alive, and that she had also exhausted every source of information in her efforts to locate him, but all without avail.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.