[Civ. No. 1823. First Appellate District.—April 27, 1916.]

MARY LINNEWEBER et al., Appellants, v. SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA (a Corporation), Respondent.

FRATERNAL INSURANCE LAW—ACTION ON POLICY—STATUTE OF LIMITATIONS.—Under the terms of a fraternal life insurance policy providing that whenever any competent court having jurisdiction at the last known domicile of an insured member shall render judgment to the effect that the member has not been seen or heard from during a period of seven consecutive years prior to the date of the judgment, the same shall be presumptive proof of his death, and his benefit certificate shall at once become due and payable as if he were really proven dead, the beneficiaries of the insured are entitled to await the termination of the seven-year period before commencing an action on the policy, and the statute of limitations does not run against such an action until the expiration of such period.

ID.—PLEADING AND EVIDENCE—RIGHT TO MAINTAIN ACTION—CHILDREN OF DECEASED BENEFICIARY.—Where a policy of insurance is made payable to a designated person or, in case of his death, to his children, and such person has died prior to the commencement of an action to recover on the policy, it is not necessary for them to either plead or prove that there had been a probate of their father's estate, but such issue should be tendered by the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

F. W. von Schrader, and von Schrader & Cadwalader, for Appellants.

Walter Christie, and F. J. Kierce, for Respondent.

THE COURT.—This is an action brought to recover the sum of two thousand dollars alleged to be due to plaintiffs from the defendant upon a beneficial policy or certificate of insurance issued by the latter to one James Martin, and made payable to ''Bernard Linneweber, or in case of his death to his children,'' as the beneficiaries thereof.

The facts of the case, out of which the defendant's liability is alleged to have arisen, are contained in an agreed statement of facts presented at the trial of the cause, and which is substantially as follows: The policy or certificate of membership of James Martin in the defendant association was issued in the year 1882, and he continued to be and was a member in good standing therein up to and upon April 18, 1906, the date of the earthquake and fire in the city and county of San Francisco. He was then seventy-five years of age, and was afflicted with a number of the disabilities which attend old age. He was seen immediately after the earthquake in front of the hotel in which he stayed and which was within the district presently swept by the fire. He disappeared, however, at the time of said fire, and has never been seen or heard of thereafter. In the month of December, 1906, he was suspended by the defendant association for nonpayment of dues. Thereafter, and in 1909, Bernard Linneweber, his immediate beneficiary, died. The plaintiffs herein are his only children. On April 22, 1913, this action was commenced to recover the amount of said policy.

The defendant demurred to the complaint upon the general ground and also upon several alleged grounds of uncertainty, which demurrer being overruled an answer was filed, putting in issue the material averments of the complaint, and also pleading the bar of the statute of limitations. Upon the trial the agreed statement of facts was presented from which the foregoing facts appear, and wherein are also set forth the following material parts of the policy or certificate of insurance upon which the respective parties rely to sustain or defeat this action:

Section 197: ''Whenever any competent court having jurisdiction at the last known domicile of an insured member shall render judgment to the effect that the member has not been seen or heard from during a period of seven consecutive years prior to the date of the judgment, the same shall be presumptive proof of his death, and his Benefit Certificate shall at once become due and payable as if he were really proven dead. The judgment of court shall be furnished at cost of beneficiary.''

Section 134: ''No action at law or in equity at any court shall be brought or maintained on any cause or claim arising out of any membership or benefit certificate, unless such action is brought within three years from the time when such right of action accrues.''

It is agreed that these two sections of the policy or certificate of insurance were in effect at the time of the disappearance of said James Martin. Subsequently, and in the year 1910, section 197 was amended to read as follows:

''In case a member of this order disappears from his home or state, there shall be no presumption of the death of such member. If, after seven years dating from such disappearance the beneficiary or beneficiaries shall establish the fact of death of such member in a court of record having common law jurisdiction, to which proceeding the Supreme Council Catholic Knights of America shall be a party, the benefit shall be paid.''

Upon the trial and submission of the cause the trial court made its findings of fact embodying substantially the matters contained in the agreed statement of facts, but finding expressly therefrom that James Martin died on April 18, 1906, and also making the express finding that the cause of action was barred by the statute of limitations. Judgment was accordingly entered in favor of the defendant, and from such judgment and an order denying a motion for a new trial the plaintiffs prosecute this appeal.

We are of the opinion that the trial court was in error in its conclusion that this action was barred by the statute of limitations and in its judgment based thereon. Section 197 of the policy or certificate of insurance as it read on April 18, 1906, and not as it was amended to read in July, 1910, must be held to control the rights and liabilities of the respective parties. If it be a fact, as the court found, that James Mar-

tin died on April 18, 1906, the finding of the court that James Martin did die on that date is supported by the presumption of death, which by the terms of said section as well as by the general law arises when a period of seven years has elapsed after the disappearance of the person. By this presumption the fact of the death of said person is proven, but not the date of his death at any particular time during the seven-year period; but the court had before it certain other facts, such as the extreme age and bodily infirmities of the deceased, and also the fact of the peril in which he was when last seen. These would not have been sufficient to establish the fact of the death of James Martin so as to have enabled these plaintiffs to maintain this action during the seven-year period; but they would be sufficient to sustain the finding of the court fixing the date of the decedent's death after the presumption had sufficed to prove the fact of his death. Under these conditions the case of *Benjamin* v. *District Grand Lodge etc.,* 171 Cal. 260, [152 Pac. 731], has direct and controlling application to the case at bar. Under the authority of that case, as well as under the express terms of section 197 of the policy or certificate of insurance, these plaintiffs, if, as the beneficiaries of James Martin they were entitled to sue at all, were entitled to await the termination of the seven-year period which would give rise to the presumption of Martin's death before commencing their action; and this being so, the statute of limitations could not have operated as a bar to this action. It need hardly be suggested that if in fact, as the court found, James Martin died on April 18, 1906, he could not have been lawfully suspended from the association for nonpayment of dues at any time thereafter; nor would his beneficiaries have been bound to keep such dues paid in order to preserve their right to receive the benefit accruing by virtue of his membership in good standing at the time of his death upon proper proof of the fact and date of his decease.

It follows necessarily that the court was in error in its finding and judgment herein based upon the plea of the statute of limitations.

The respondent, however, contends that the plaintiffs herein cannot recover because they were not shown to have capacity to sue nor to be the proper parties plaintiff, for the reason that while it was conceded that they were the only children of their deceased father, Bernard Linneweber, the immediate

beneficiary of James Martin, it was not pleaded or proven that there had been any probate of their said father's estate. We think this issue should have been tendered by the defendant in some specific pleading, and that the objection comes too late upon this appeal. It is agreed that these plaintiffs are the only children of Bernard Linneweber, and hence the only surviving beneficiaries under the terms of the policy. It was not shown that there was any other estate or any creditors of Bernard Linneweber. At the time of his death James Martin was still presumed to be living, and hence no right of property or of action on this policy had accrued under its terms. It thus appearing that these plaintiffs are the real and, so far as the record discloses, the only parties in interest in this action, we think they were entitled to maintain it in the absence of affirmative pleading and proof on the part of the defendant to the contrary.

Judgment and order reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1916.