[Civ. No. 2977.   First Appellate District, Division Two.—November 17, 1919.]

MARY KAUFMANN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

[1] LIFE INSURANCE — SEVEN YEARS' ABSENCE — PRESUMPTION OF DEATH—REBUTTAL.—In an action on a policy of life insurance issued to plaintiff's husband, who it is claimed is dead because not heard from in seven years, the circumstances surrounding the disappearance of the insured may be inquired into to rebut the presumption of death.

[2] ID.—PRESUMPTION OF DEATH CONTROVERTIBLE.—The presumption of death, based upon seven years' absence, is a controvertible one, and may be rebutted by proof of facts and circumstances sufficient to overcome it.

[3] ID.—DILIGENT INQUIRY—FINDING—EVIDENCE—APPEAL.—In an action on a policy of life insurance issued to plaintiff's husband, who it is claimed is dead because not heard from in seven years, a finding by the local court that diligent inquiry for the insured was made, if there is some evidence to support it, will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

McCutchen, Willard, Mannon & Greene for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of plaintiff and against the defendant on a policy of life insurance issued by the defendant to plaintiff's husband, who it is claimed was presumed to be dead because not heard from in seven years.   The defendant denied the death of the insured and the receipt of proofs of death.

---

1.  Presumption of death, notes, 91 Am. Dec. 526; 92 Am. Dec. 704; 46 Am. Rep. 761; 104 Am. St. Rep. 198.

Facts sufficient to raise presumption of death in case of absence for less than seven years, note, Ann. Cas. 1916B, 67.

The evidence in support of the allegations of the complaint was that plaintiff and the insured were married in 1903 and lived together in harmony until 1909, when, without plaintiff's knowledge, her husband withdrew all of the money deposited to his credit in certain savings banks in San Francisco. He failed to come home for his lunch on that day, as was his custom, and plaintiff has not heard from him since. A letter dated the same day and received by plaintiff on the day following bade her good-by in the following terms:

"Good by I am gone can't stand it any longer I am so nervous and can't rest must find reliefe I don't care what become of me My Life is not worth living any longer . . . Good by Dear Mary and Got bless you for you are a good true Weman and believe me I have been true to you and always tried to make a good comfortable living for you but I can not stand this strain any longer Good by Got bless you

"Your loving Husband,

"E. KAUFMAN."

Soon after the disappearance plaintiff and one other reported the fact to the manager of the defendant company and were assured by him that the defendant would make a search for the insured. A detective employed by the company was assigned to that work. A number of witnesses who had known the insured in his lifetime were produced at the trial. They all testified that they had heard nothing of him since his disappearance. The complaint was filed in June, 1918, more than nine years after the date of the disappearance. Ample proof was made of the receipt of proofs of death, based upon the presumption. The only points urged upon appeal are (1) that the circumstances surrounding the disappearance may be inquired into to rebut the controvertible presumption of death of a person not heard from in seven years, and (2) diligent inquiry must be made to establish the presumption of death of a person not heard from in seven years.

[1] (1) The first point raised is conceded by respondent, as it may well be without having any effect upon the judgment. [2] The presumption of death, based upon seven years' absence, is a controvertible one and may be rebutted by proof of facts and circumstances sufficient to overcome it.

No such facts are in evidence in this case, and the court did not deny appellant the opportunity to make proof of such facts if any existed.

[3]  (2) It may be conceded for the purpose of this opinion that diligent inquiry must be madé to establish this presumption of death. Here the trial court found that such diligent inquiry had been made.  When respondent rested her case appellant offered no evidence.  The facts as outlined above show that some inquiry was made.  Whether such inquiry was diligent depends upon all the facts and circumstances of the case.  Respondent testified that she did make inquiry and detailed some instances where such inquiry was made.  The trial court, having before it the evidence of this inquiry, could properly determine whether it was diligent.  Though the testimony upon the issue may be meager or insufficient in itself, the evidence consists of such testimony and all legal presumptions and inferences which may be drawn upon the issue tendered.  Where the trial court has found upon the issue and there is some evidence to support it, the finding, if sound as a matter of law, will not be disturbed on appeal.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 16, 1919.