[Civ. No. 4122. Third Appellate District.—August 21, 1930.]

V. DEL FANTA et al., Respondents, v. R. S. SHERMAN, Appellant.

Lewis & Lehman for Appellant.

Gerard Rysek Remington for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment on the pleadings which was rendered in favor of plaintiffs on the third cause of action for the cancellation of a 20-year lease of land providing for the drilling of an oil-well within the limits of the city of Los Angeles.

August 26, 1922, the respondents executed a 20-year lease of a tract of land consisting of 76.81 acres of land·in San Fernando addition to ·the city of Los Angeles. It is alleged this property was annexed to and became a part of the city of Los Angeles May 22, 1915; that an amendment to ordinance number 3376 was adopted January 12, 1924, including this land within the residence zone limits of the city, within which residence districts the use and maintenance of "any plant, fixed or portable apparatus" is prohibited "where power other than animal power is used . . . provided that one or more electric motors of a total capacity of not to exceed five horsepower may be operated and maintained"; that "it is . . . a fact that an oil well as required by said lease . . . cannot be drilled by animal power or by electric motors of only five horsepower capacity"; that by reason of said ordinance the drilling of said well became unlawful and the lease void. The complaint sought to terminate the lease and quiet title to the property. The other counts of the complaint are not involved in this appeal.

The answer "denies each and every allegation and statement in said third cause of action contained" except such matters as were specifically admitted. It was denied that the oil lease was void by reason of the adoption of the ordinance in question and it was alleged that "said real estate constitutes farm lands and that the plaintiffs conduct a dairy business thereon." The only admission of the answer is to the effect that the plaintiffs were the owners and in possession of the premises. The answer is not specific as to the exact ground upon which it is contended the ordinance is inapplicable to the lease in question. No demurrer was filed to either the complaint or the answer.

It may be doubtful whether the answer would have been sufficiently specific under the law as it existed prior to July 29, 1927. (*Pico* v. *Colimas*, 32 Cal. 578.) By the amendment of section 437 of the Code of Civil Procedure, which became effective on the last-mentioned date, it is

provided: "The answer of the defendant shall contain. . . .
The denials of the allegations controverted . . . by reference
to specific paragraphs or parts of the complaint; or by
express admission of certain allegations of the complaint
with a general denial of all the allegations not so admitted."
We think the answer is sufficiently specific to conform to
this section of the code as amended and that it raises the
question of the application of said Los Angeles ordinance to
the legality of said lease which authorized the drilling of
wells for oil on respondents' property. The complaint and
answer were not filed in this action until after the above
section of the code became effective.

The real issue which is involved on this appeal is whether
a city by enacting a zoning ordinance may prohibit the use
of all power employed in drilling an oil-well within its resi-
dence district thereof except by means of a five horsepower
electric motor or by use of animals.

Assuming that the court may take judicial notice of the
fact that "gas and oil are mined by means of deep wells
drilled into the earth" (*Kemp* v. *Barr Gas Co.*, 103 Kan.
595 [175 Pac. 988]), and that an oil-well could not be drilled
by means of a five horsepower motor or by the use of ani-
mals, the question in the present case still remains: May
a city deprive one of valuable property rights in an oil
lease by enacting a zoning ordinance which prohibits him
from sinking wells within specified residence districts, re-
gardless of the population or conditions therein contained.
This depends upon whether the ordinance is uniform and
reasonable. ▮ The law is definitely settled in California
that reasonable zoning ordinances may be enacted under
the police power for the protection of the health, safety,
morals or general welfare of the community, and for the rea-
sonable regulation of business industries. (43 C. J. 336,
sec. 365; *People* v. *Hawley*, 207 Cal. 395, 410 [279 Pac.
136]; *Feraut* v. *Sacramento*, 204 Cal. 687 [269 Pac. 537];
*Pacific P. Assn.* v. *Huntington Beach*, 196 Cal. 211 [40
A. L. R. 782, 237 Pac. 538].) In the case last cited, it is,
however, asserted: "As was recently said by the Supreme
Court of the United States, 'while property may be regu-
lated to a certain extent, if regulation goes too far it will
be recognized as a taking.' (*Pennsylvania Coal Co.* v. *Ma-
hon*, 260 U. S. 393, 415 [28 A. L. R. 1321, 67 L. Ed. 322,

43 Sup. Ct. Rep. 158, see, also, Rose's U. S. Notes].) Therefore, notwithstanding this general grant of power, it is thoroughly well-settled doctrine that municipal by-laws and ordinances undertaking to regulate useful business enterprises are subject to investigation in the courts, with a view to determining whether the law or ordinance is a lawful exercise of the police power; or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the right to carry on a lawful business, to make contracts, or to use and enjoy property. (*Dobbins* v. *Los Angeles*, 195 U. S. 223 [49 L. Ed. 169, 23 Sup. Ct. Rep. 18]; *In re Application of Throop*, 169 Cal. 93, 99 [145 Pac. 1029]; *Curtis* v. *City of Los Angeles*, 172 Cal. 230, 234 [156 Pac. 462].)''

██ The foregoing language is peculiarly applicable to the situation presented in the present case. For the purpose of awarding judgment on the pleadings and declaring the lease void, it must have been assumed that Los Angeles had the power to enact a zoning ordinance including a 76-acre dairy ranch within a residence district of the city and prohibit the use of motor power in excess of a five horsepower engine in the operation of any plant or apparatus connected with the dairy industry, regardless of the surrounding population or conditions. Clearly, this action would be arbitrary, unreasonable and void.

██ Assuming that the residence portion of a city may be so densely populated or the business portion so adapted as to warrant the adoption of an ordinance prohibiting the use of a motor engine therein, having a capacity of more than five horsepower, it became a question of fact to be determined by evidence in the present case as to whether the population or conditions surrounding the use of the respondents' property would warrant the enforcing of such an ordinance. The motion for judgment on the pleadings was, therefore, erroneously granted. As was said in the Pacific P. Assn. case, *supra*, in which the judgment was reversed for similar reasons: ''Appellant should be accorded the opportunity to establish, if it can, the unreasonableness and discriminatory character of the ordinance which it alleges amounts to an unwarranted and arbitrary interference with its constitutional rights.''

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.