[Civ. No. 8636.  Second Appellate District, Division One.—January 12, 1933.]

In the Matter of the Estate of MILDRED CHRISTIN, Deceased.  EMIL J. CHRISTIN, Administrator, etc., Respondent, v. JOHN H. ROBINSON, by His Next Friend, etc., Appellant.

A. G. Alm for Appellant.

Chauncey G. Kolts for Respondent.

HOUSER, J.—By this appeal the correctness of an order of distribution of the assets of an estate is questioned.  The

statement of facts which appears in the brief of appellant herein is deemed satisfactory. It is as follows:

"Mildred Christin died intestate on December 17, 1929, leaving as her only heirs at law the respondent Emil J. Christin, her husband, and John H. Robinson, her father, if the latter was alive at the time of her death.

"Respondent as administrator of her estate petitioned for distribution of the whole estate to himself as sole heir and in his petition alleged upon information and belief that John H. Robinson, the father of the decedent, was dead and that his death preceded that of Mildred Christin, deceased.

"Objections to the petition were filed by William J. Robinson, a brother of the said John H. Robinson, appearing as his next friend, denying that John H. Robinson was dead, and further alleging that in the year 1913 the said John H. Robinson was adjudicated an insane person and was committed to Patton State Hospital at Patton, California, where he remained as an inmate until August 31, 1924, when he escaped therefrom; and that the said John H. Robinson has never been restored to capacity and no guardian of his person or estate has ever been appointed.

"Upon the issue so raised a trial was had, at the conclusion of which the court found that the said John H. Robinson escaped from said hospital on or about April 12, 1924, and that at said time he was an insane and demented person; that he has been unheard of for a period of more than seven years; and that he died on or before December 17, 1928. The court thereupon granted respondent's petition for distribution and ordered the whole of said estate distributed to respondent as sole heir of the deceased."

It thus appears that, with reference solely to the question presented to this tribunal, the issue before the trial court was whether John H. Robinson had predeceased Mildred Christin. In order to establish such fact, the administrator of the estate of Mildred Christin apparently relied, firstly, upon the legal presumption set forth in subdivision 26 of section 1963 of the Code of Civil Procedure "that a person not heard from in seven years is dead"; and secondly, upon evidence introduced by him for the purpose of proving that John H. Robinson had deceased prior to the expiration of seven years succeeding the date of his

escape from the state hospital. Manifestly, if the death of Robinson could be satisfactorily established as of a date preceding the expiration of the seven-year period following his disappearance, as well as preceding the death of Mildred Christin, no necessity would exist for final reliance upon the presumption of his death as provided by the statute. (*Western Grain etc. Co.* v. *Pillsbury,* 173 Cal. 135 [159 Pac. 423] ; *Rogers* v. *Manhattan Life Ins. Co.,* 138 Cal. 285 [71 Pac. 348] ; *Lesser* v. *New York Life Ins. Co.,* 53 Cal. App. 236 [200 Pac. 22] ; and authorities in such cases respectively cited.) In that connection, on behalf of the petitioner, it appears by stipulation of the parties that "the said John H. Robinson, the father of said decedent, was by the above entitled court duly adjudicated an insane person in May, 1913, and was committed as such to Patton State Hospital; that the said John H. Robinson escaped from said hospital on April 12, 1924, and was thereafter discharged therefrom as improved on May 14, 1925; that since his said escape from said hospital he has not been seen or heard from by the persons in charge of said hospital, nor by his immediate family, inclusive of his daughter, the deceased Mildred Christin, and Emil J. Christin, her surviving husband, nor by the above mentioned William J. Robinson, his brother; and that the said Mildred Christin, deceased, died in December, 1929".

From such stipulation, it becomes apparent that since less than seven years elapsed after the date of Robinson's escape from the hospital, until the death of Mildred Christin occurred, the seven-year period, which by the provisions of the statute must have elapsed after Robinson's escape, and during which time he was "not heard from", in itself would be inapplicable for the purpose of determining heirship. But since both at the time when the order which is the subject of this appeal was made, as well as at the time when the petition for distribution of the estate was filed, the seven-year period following the disappearance of Robinson had elapsed—as hereinafter may be made to appear, the seven-year period, together with the statutory presumption relating thereto, becomes material in a determination of the question submitted to this court.

In addition to the stipulated facts, the hospital record of John H. Robinson during the entire eleven years that he

was confined in said state hospital was introduced in evidence, which in general terms showed the physical and mental condition of said Robinson from the date that he entered the hospital until the date when he made his escape therefrom. As is shown by the bill of exceptions herein, Dr. H. S. Blossom, who was the medical superintendent of the hospital during all the said time, in substance testified as follows:

"I am a licensed physician and surgeon employed at the Patton State Hospital since 1916. I remember Jack Robinson. He was afflicted with delusions of grandeur, sometimes claiming to be John L. Sullivan or Jack Dempsey, and said that he had shaken hands with God. Such was his mental condition at the time of his escape from the hospital on April 12, 1924. As shown by this record, he was in a very poor physical condition at the time of his escape from the hospital, being afflicted with organic disease of the heart; mitral murmur of the heart; hardened arteries, and fibrous veins. His age was then sixty-four years. When he escaped we searched the surrounding hills for him but failed to find him, and have not heard from him nor anything about him since that time. It is my opinion that if he had remained in a hospital with the best of care he could not have lived more than four years, at most, by reason of his such physical condition. If he wandered off into the mountains the probabilities are that he did not live for more than five or six days, and if he went into a city, possibly thirty to sixty days is the longest he would live, unless in a hospital. The record of the Patton State Hospital shows that on May 14, 1925, Jack Robinson was discharged as improved. He was not at the hospital at that time, and had not been since April 12, 1924. He was discharged as improved merely for the purpose of closing the record of his case."

As hereinbefore has been stated, by the terms of subdivision 26 of section 1963 of the Code of Civil Procedure, the presumption is "that a person not heard from in seven years is dead". And where it appears that such presumption has been supplemented by an inference arising from a showing of even slight, relevant, facts and circumstances, a conclusion reached thereon by the trial court by which effect is given to such presumption, cannot be disturbed on appeal.

(*Kaufmann* v. *New York Life Ins. Co.*, 44 Cal. App. 313 [186 Pac. 360]; *Brown* v. *Grand Lodge, A. O. U. W.*, 13 Cal. App. 537 [110 Pac. 351].) The circumstances surrounding the disappearance of one, together with additional facts relating to his relationship to others, may be such that persons interested in establishing the fact of death of the missing person may not be required to make any endeavor to ascertain his whereabouts. (*Estate of Perry*, 58 Cal. App. 420, 425 [208 Pac. 987].) The nonclaimer of civil rights, such as had Robinson been living at the time of the death of Mildred Christin would have accrued to him, in itself is a pertinent fact tending to show his decease. (*Robinson* v. *Robinson*, 51 Ill. App. 317.)

With reference to the presumption expressed in subdivision 26 of section 1963 of the Code of Civil Procedure "that a person not heard from in seven years is dead", appellant contends that it has no application to one who is insane. No doubt, as a practical proposition, the probabilities are that one entirely bereft of reason, as distinguished from an insane patient of the type to which the records herein disclose that Robinson belonged, would be most unlikely to communicate either with his close relatives ' or with his intimate friends; but in terms, the statute contains no exception from the operation of its provisions of even a person of the former class. Taking into consideration the facts relative to the probable mental status of Robinson at the time of his disappearance from the state hospital; his advanced age and physical condition; the fact that some search was made for him immediately after his escape from the hospital; also the fact that none of his close relatives had heard from him for more than seven years, and that he had made no claim that he was entitled to participate in the distribution of the assets of the estate of Mildred Christin, deceased—a foundation would be laid upon which might rest the legal conclusion that a presumption that Robinson was dead was established. But although the evidence was sufficient to support the conclusion as to the death of Robinson, the presumption went no further than that at the end of seven years following his escape from the hospital, he was dead. If on the part of interested parties it was contended that Robinson met his death within a shorter period than seven years following his disappear-

ance, to wit, at a time preceding the demise of Mildred Christin, that fact was provable as was any fact in a civil case. (8 R. C. L. 711, 712. See, also, note, 104 Am. St. Rep. 202; *Reedy* v. *Millizen,* 155 Ill. 636 [40 N. E. 1028].)

In the case of *Linneweber* v. *Supreme Council, etc.,* 30 Cal. App. 315 [158 Pac. 229], it appears that on April 18, 1906, at which time an earthquake and fire occurred in the city of San Francisco, the person, regarding the date of whose death an issue was raised, "was then seventy-five years of age, and was afflicted with a number of the disabilities which attend old age. He was seen immediately after the earthquake in front of the hotel in which he stayed and which was within the district presently swept by the fire. He disappeared, however, at the time of said fire, and has never been seen or heard of thereafter." With reference to the application of the seven-year period to the disappearance of the person in question, and the assumed fact that of themselves the circumstances surrounding his disappearance were not, in the first instance, sufficient to positively establish the date of his death, the court said:

"If it be a fact, as the court found, that James Martin died on April 18, 1906, the finding of the court that James Martin did die on that date is supported by the presumption of death, which by the terms of said section as well as by the general law arises when a period of seven years has elapsed after the disappearance of the person. By this presumption the fact of the death of said person is proven, but not the date of his death at any particular time during the seven-year period; but the court had before it certain other facts, such as the extreme age and bodily infirmities of the deceased, and also the fact of the peril in which he was when last seen. These would not have been sufficient to establish the fact of the death of James Martin so as to have enabled these plaintiffs to maintain this action during the seven-year period; but they would be sufficient to sustain the finding of the court fixing the date of the decedent's death after the presumption had sufficed to prove the fact of his death."

To the same effect, *Reedy* v. *Millizen,* 155 Ill. 636 [40 N. E. 1028].

■ Although the general rule is that the presumption of life continues during the entire period of seven years

following the disappearance of a person, such presumption may be overcome by evidence showing either that within such time the missing person was subjected to some specific peril, or that other circumstances or conditions intervened sufficient to quicken the ordinary seven-year period of time necessary to create the presumption of death. (*Western Grain etc. Co.* v. *Pillsbury*, 173 Cal. 135 [159 Pac. 423]; *Rogers* v. *Manhattan Life Ins. Co.*, 138 Cal. 285 [71 Pac. 348]; *Lesser* v. *New York Life Ins. Co.*, 53 Cal. App. 236 [200 Pac. 22]; note, 104 Am. St. Rep. 202; 8 R. C. L. 713.) But in that regard, it is unnecessary that the evidence be direct or positive, but it need be only of such character as to make it more probable that the person died at a particular time than that he survived. (*Hancock* v. *American Life Ins. Co.*, 62 Mo. 26; *Tisdale* v. *Connecticut Mut. Life Ins. Co.*, 26 Iowa, 170 [76 Am. Dec. 136].) The determination of the question as to what weight should be given to the statutory seven-year presumption, as well as to the evidence by which it might be inferred that Robinson had deceased long prior to the expiration of the seven-year period following the date of his escape from the hospital, rested with the trial court. Regarding the latter situation, the evidence to which attention hereinbefore has been directed, although not most satisfactory, is deemed sufficient as a basis for the conclusion reached by the trial court. As hereinbefore indicated, the evidence disclosed the facts that at the time of his escape from the hospital Robinson was sixty-four years of age, insane and afflicted with such a disease that (in the opinion of the medical superintendent of the hospital) "if he had remained in the hospital with the best of care he could not have lived more than four years at most; . . . if he wandered off into the mountains the probabilities are that he did not live more than five or six days, and if he went into a city, possibly thirty to sixty days is the longest he would have lived, unless in a hospital". That the opinion of a witness, especially when founded upon relevant and material facts, is entitled to weight in the evidence, is decided in the case of *Dunphy* v. *Dunphy*, 161 Cal. 380, 385 [119 Pac. 512, Ann. Cas. 1913B, 1230, 38 L. R. A. (N. S.) 818]. (See, also, 10 Cal. Jur. 971, and authorities there cited.)

Since the evidence which related to each of the situations by which it was finally proposed to establish the fact that Robinson's death had occurred ·prior to that of Mildred Christin was legally sufficient to sustain the finding and the ensuing order, on well-established rules relating to appeals, it follows that the order should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.