[Civ. No. 10851. Second Appellate District, Division One.—August 21, 1936.]

EMMA J. SPENCER et al., Respondents, v. THE CONTINENTAL CASUALTY COMPANY (a Corporation), Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Appellant.

Willcox & Judson and Oregon Smith for Respondents.

DORAN, J.—This is an appeal from an order granting, in part, plaintiffs' motion for a new trial after judgment of nonsuit had been entered in favor of defendant.

Plaintiffs alleged that defendant insurance company insured decedent Almon Clark Spencer, quoting from the complaint, "among other things, against sickness, and agreed, in the event of any such sickness, to pay to said decedent or his therein named beneficiaries, Emma J. Spencer, his wife, and C. Almon Spencer, his son, the plaintiffs herein, the sum of fifty and no/100 ($50.00) dollars per week during the continuance of the same, and, in the event of the death of said decedent from any such sickness, the sum of ten thousand and no/100 ($10,000.00) dollars; that in evidence thereof said defendant on or about the same date, to wit: The said ninth (9th) day of November, 1926, made,

executed and delivered to said decedent its policy of disability insurance, in writing, upon which plaintiffs in part rely, dated said date, and numbered P. D. 7095877.''

It was further alleged that decedent was sick, infirm and incapacitated for a considerable period before his death, which occurred on or about the 26th day of January, 1930. The action sought to collect the principal sum of $10,000, and a sum equal to a certain number of weekly indemnity payments alleged to be due under the terms of the policy.

The answer denied these allegations generally and specifically.

At the conclusion of plaintiffs' case, defendant moved for a nonsuit on the grounds: First, that the insurance policy which was in evidence provided that the principal sum of $10,000 was to be paid only in the event of accidental death and that the death of decedent resulted from natural causes; second, that the policy provided that the indemnity payments were payable to the insured; that the estate of the insured was not represented in the action in that no administrator or other personal representative representing the estate appeared as a party thereto. Motion for a nonsuit was granted.

Thereafter, plaintiffs made a motion for a new trial on the grounds set forth in paragraphs 1, 3, 4, 6 and 7 of section 657 of the Code of Civil Procedure. Said motion was supported in part by an affidavit of Emma J. Spencer, one of the plaintiffs, to the effect that affiant and C. Almon Spencer were the sole heirs of said decedent, and that on the 5th day of February, 1935, a petition for the appointment of affiant and said C. Almon Spencer, as joint administrators of the estate of the said Almon Clark Spencer, which estate consisted only of the disability benefit afforded by the policy of insurance involved in the within action, was filed in the probate court. Affiant further alleged that in the ordinary course of events affiant and C. Almon Spencer would be entitled to be substituted as plaintiffs herein in their representative capacity; that said petition for letters of administration was not filed until after the entry of judgment herein for the reason that upon the issues presented in the plaintiffs' complaint and the defendant's answer and by reason of the failure of said answer to except to the legal capacity of plaintiffs to sue upon the policy of

insurance herein involved, plaintiffs could not with reasonable diligence have filed or been expected to file such petition for said letters of administration.

Said motion for new trial was granted on March 15, 1935. Thereafter, to wit, on March 26, 1935, the court entered the following order entitled ''Amended Order Granting Plaintiffs' Motion for a New Trial''. ''The motion of the plaintiffs for a new trial in the above entitled cause having regularly come on for hearing in Department 17 of the above entitled court, before Honorable Carl A. Stutsman, judge presiding, George A. Judson of counsel for plaintiffs, appearing for plaintiffs, and Clarence B. Runkle of counsel for defendant Continental Casualty Company, appearing on behalf of said defendant, and the matter having been duly argued and submitted, and the court having ordered said motion granted only as to the issues involving disability benefits under said insurance policy, and denied as to the issues involving death benefit, and having ordered that the granting of the motion be based upon the ground of error of law by the court, in that the answer of the defendant fails to affirmatively allege that the plaintiffs are not the proper parties to sue for or recover disability benefits provided for in the insurance policy mentioned in the complaint, and that said answer consequently fails to raise the issue that plaintiff could not sue for said disability benefits and the written order prepared and submitted by counsel for plaintiffs, and signed by the court, granting said motion for new trial, which order was dated March 5, 1935, having failed to speak the truth and correctly set forth and show the order made by the court, and said order having been inadvertently made and good cause therefor appearing: It is hereby ordered that said order of March 15, 1935, granting plaintiffs' motion for a new trial herein be and the same is hereby amended to provide that plaintiffs' motion for a new trial be and the same is hereby granted as to all the issues involving disability benefits provided in the insurance policy mentioned in plaintiffs' complaint and that said motion to said extent is granted only upon the ground of error of law in construing the issues raised by defendant's answer, in that said answer is insufficient to tender in some specific pleading the issue as to whether or not the plaintiffs, or either of them, had capacity to sue, or to be the proper

parties plaintiff, to recover disability benefits provided for in the contract of insurance set forth in plaintiffs' complaint, and upon all other grounds of said motion, the same is denied. It is further ordered that plaintiffs' motion for a new trial as to the issues involving the death benefit provided in the insurance policy set forth in the complaint be and the same is hereby denied.''

It is contended by appellant: First, that the answer was sufficient to raise the issue that plaintiffs had no cause of action for disability benefits under the policy; and, second, that a motion for a new trial is not available as a remedy to correct any error that the trial court may have made in construing the pleadings.

Respondent, on the other hand, asserts as a counter statement that ''The question involved in this case is whether two plaintiffs, who are the wife and son of an insured and also the beneficiaries under a life insurance policy covering the life of the insured, and who are also the sole heirs of the deceased insured, who died intestate and whose estate had not up to the time of the trial been probated, may sue for and recover a disability benefit also provided by the policy, which was by the terms of the policy payable to the insured.''

Quoting from respondents' brief, it is contended, ''*Linneweber* v. *Supreme Council*, 30 Cal. App. 315 [158 Pac. 229], is in point upon the right of the plaintiffs, themselves, to sue for and recover the disability benefit. It was upon the basis of the language contained in the last paragraph of that decision that the order granting the new trial in this matter was phrased as it was.''

There appears, however, to be a wide difference between the situation presented in the Linneweber case and the situation in the instant action,—a difference which leaves open to serious question whether the Linneweber case affords any authority at all for the action of the court in the case at bar. It should be noted that in the Linneweber case the insurance policy specifically provided that the proceeds thereof were payable to ''Bernhard Linneweber, or in case of his death, to his children''. The case was presented on an agreed statement of facts wherein it was agreed that Bernhard Linneweber had died and that plaintiffs therein were his only children. It was also held that the right to sue had never accrued to Bernhard Linneweber prior to his death,

and it definitely appeared by reason of the provisions of the policy, the pleadings, the facts which were stipulated and the law, that plaintiffs therein were and could be the only real parties in interest.

The Supreme Court has declared that a defendant has a statutory right to have a cause of action against him prosecuted by the real party in interest. The effect of such rule, it is said, is "to save a defendant, against whom a judgment may be obtained, from further harassment or vexation at the hands of other claimants to the same demand"; that "where the plaintiff shows such a title as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, then there is an end of the defendant's concern and with it of his right to object; for, so far as he is interested, the action is being prosecuted in the name of the real party in interest". (*Giselman* v. *Starr,* 106 Cal. 651 [40 Pac. 8, 10].)

The pleadings and the evidence present no such situation in the case at bar. The complaint alleges that in the agreement sued upon, namely, the insurance policy, appellant agreed to pay to said decedent *or his therein named beneficiaries, Emma J. Spencer, his wife, and C. Almon Spencer, his son,* the amounts herein sued upon. The answer herein specifically denies this allegation, which averment and denial raised a valid issue and required no allegation of new matter on the part of defendant to justify proof of such question. (*Del Fanta* v. *Sherman,* 107 Cal. App. 746 [290 Pac. 1087]; *Reinert* v. *Proud,* 8 Cal. App. (2d) 169 [47 Pac. (2d) 491]; *Shropshire* v. *Pickwick Stages,* 85 Cal. App. 216 [258 Pac. 1107]; *Heaton-Hobson Associated Law Offices* v. *Arper,* 145 Cal. 282 [78 Pac. 721].) In other words, the answer was sufficient to tender the issue as to plaintiffs' right to sue.

The insurance policy in evidence provides as follows: "Indemnity for loss of life of the Insured is payable to the beneficiary if surviving the Insured, and otherwise to the estate of the Insured. *All other indemnities of this policy are payable to the Insured.*" (Italics added.) Thus it will be seen that according to the terms of the policy, such

indemnities, if any were due, became and were by operation of law, the estate of the deceased.

The estate was not real but personal, and having been the subject of administration, no right accrued to plaintiffs herein, as individuals, to sue for its recovery. Unlike the Linneweber case, the complaint herein merely alleges that the defendant agreed to pay the plaintiffs the amount of the indemnity specified in the policy. At the close of plaintiffs' case the record was destitute of any evidence in support of such allegation. The contention of respondent, therefore, that the court erred in granting the motion for nonsuit lacks support in the record.

There appears to be slight, if any, ground for contention over the amendment by the court to the order granting the motion for a new trial. Assuming, but by no means conceding, that the court had power to amend its order, (*Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 Pac. 869]; *Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988]), such amendment does not appear to have altered the legal status of the parties in so far as the questions raised by the appeal herein are concerned. The order in the first instance granting the motion for nonsuit was proper and valid, whereas the conclusions reached by the trial court in its order granting the motion for a new trial are unsupported by the authorities.

Either upon the ground of accident or surprise, or newly discovered evidence, plaintiffs' affidavit filed in support of the motion for a new trial, was far short of being sufficient in several respects. At most it served to inform the court that plaintiffs had taken steps to qualify themselves as proper parties plaintiff in the event an opportunity was afforded them. To this privilege, in the light of the record, the appellant is justly entitled to object. Courtesy is personal and uncertain, whereas the law is impersonal, and to insure certainty and uniformity, particularly when the rights of litigants are at stake, has never included in its philosophy, as the basis for legal action, a willingness to be obliging.

It is urged on behalf of respondent that "upon retrial the administrator might properly be substituted as plaintiff herein and thus also would be avoided the bar of the statute of limitations". Such may be the case, but

the statute of limitations is impartial and it is as much the right of one party to take refuge in its provisions as it is the duty of the other to guard against their operation.

The motion for a new trial should have been denied; therefore, the order appealed from is reversed.

Houser, P. J., and York, J., concurred.