## CITY OF AMARILLO et al. v. STAPF.

### No. 4283.

Court of Civil Appeals of Texas. Amarillo.

Sept. 13, 1937.

Rehearing Denied Oct. 11, 1937.

Underwood, Johnson, Dooley & Huff and S. E. Fish, all of Amarillo, for appellants.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

FOLLEY, Justice.

This cause involves the proposed construction of a foundry by appellee, Lowell Stapf, who was plaintiff below, at 1210 Johnson street in the City of Amarillo. This court submitted the case to the Supreme Court upon certified questions, and the opinion of the Supreme Court has been published in 101 S.W.(2d) 229. Since a full statement of the case is set out in that opinion, we shall not undertake to restate the case. We would like to add to that statement that W. G. Street and other citizens residing in the vicinity of the lot upon which plaintiff was seeking to construct his foundry were permitted by the trial court to intervene in the case, adopted the pleadings of the defendants, further insisted that the construction of such foundry at the proposed site would constitute a nuisance, and prayed for an injunction restraining plaintiff from erecting such foundry. The trial court, after hearing all matters of fact as well as law, a jury having been waived by all parties, found for the plaintiff and against the defendants and interveners, directed the defendants to permit the plaintiff to construct his foundry at the proposed site, restrained them from interfering with the plaintiff in the construction and operation of such foundry, and further denied all the relief sought by W. G. Street and the other interveners. The defendants and interveners all appealed to this court.

In addition to the holdings in the opinion of the Supreme Court, it is our opinion that it now becomes necessary for this court to pass on two assignments of error presented in the record which were not certified to nor disposed of by the Supreme Court.

The first of these assignments is that the trial court erred in finding against interveners on their contention that the proposed foundry would constitute a nui-

sance. Since the trial court has found against the interveners on their allegations and proof as to the foundry being a nuisance, resolving all fact issues in connection therewith in favor of the plaintiff, unless there is insufficient evidence to support the judgment on this issue, we must resolve every presumption in favor of the judgment and against error. 3 Tex.Jur. 1059, par. 747; 5 C. J. S. Appeal and Error, p. 262, § 1533. We have reviewed the record and find the testimony conflicting on this point, but note that the contention of interveners in this respect is based almost solely on anticipation of future annoyance and injury. We think the law applicable to such a situation is correctly stated in 45 C.J. 766, § 375, in the following language:

"A mere prospect for future annoyance or injury from a structure or instrumentality which is not a nuisance per se, is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain or contingent. * * * The erection or alteration of a building for a lawful purpose will not be restrained where it is not shown that it will necessarily be a nuisance. * * * So, also, an injunction against a legitimate business will not be granted because it is feared that it may become a nuisance, for the presumption is that it will be conducted in a proper manner; but in order to warrant an injunction, it must appear that the operation of the business will necessarily be a nuisance."

We therefore overrule this assignment of the interveners.

The other assignment is urged by both appellants and interveners. It is to the effect that the court erred in finding in effect that the zoning ordinance as applied to the proposed foundry of the plaintiff was unreasonable, discriminatory, and arbitrary.

The trial court did not file findings of fact and conclusions of law, and the record does not reveal any request for same. The judgment does not affirmatively show upon what theory the trial court rendered his judgment; that is, the judgment itself does not say that the court found that the ordinance did not prohibit the foundry, nor does it indicate that, if the ordinance did prohibit such foundry, such prevention was unreasonable, discriminatory, and arbitrary. The Supreme

260

Court has clearly held that the original zoning ordinance designated foundries in the Second manufacturing district and not in the First. This holding eliminates the theory that such foundry is not prohibited by the ordinance and the judgment of the trial court could not be based upon such theory. The judgment therefore must be necessarily based on the second theory or it has no basis. Therefore, unless the ordinance as applied to plaintiffs' property was unreasonable, discriminatory, and arbitrary, the judgment of the trial court must be reversed.

The testimony shows that since the ordinance in question was enacted there were three other foundries operating in the City of Amarillo. Two of these foundries were located in the Commercial district and one in the First manufacturing district. The Commercial district is more highly restricted than the First manufacturing district. Also the foundry the plaintiff was proposing to use was located at 1505 Johnson street in the First manufacturing district and was in operation at this point at the time the ordinance was passed. Some of the uses that are clearly permitted by the ordinance for the First manufacturing district include textile manufacture, flour milling, grain elevators, cold storage plants, canning or preserving plants, central power or lighting plant, railroad yards, railroad shops, coal pockets, coal car trestle, paving plant, stable, veterinary hospital, storage of live poultry, killing, dressing and packing poultry, and many other similar industries. The proof shows that most all of these uses have objectionable features as to smell, sight, noise, smoke, etc., of equal or greater degree to the proposed foundry. Under this testimony we are of the opinion that the ordinance, though a valid enactment in its general aspects, as applied to the property of the plaintiff, is clearly arbitrary and unreasonable and therefore unenforceable as to his proposed foundry. Pacific Palisades Ass'n v. City of Huntington Beach, et al., 196 Cal. 211, 237 P. 538, 40 A.L.R. 782; Oklahoma City, Okl. et al. v. Dolese, et al. (C.C.A.) 48 F. (2d) 734; Caroline W. Dobbins, Plff. in Err., v. City of Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 49 L.Ed. 169; Del Fanta et al. v. Sherman et al., 107 Cal.App. 746, 290 P. 1087; Village of University Heights et al. v. Cleveland Jewish Orphans' Home (C. C.A.) 20 F.(2d) 743, 54 A.L.R. 1008; Women's Kansas City St. Andrew Soc. v.

Kansas City, Mo. (C.C.A.) 58 F.(2d) 593; City of Evansville, Ind., et al., v. Gaseteria, Inc. (C.C.A.) 51 F.(2d) 232.

The judgment is affirmed.