[L. A. No. 10359. In Bank.—June 30, 1930.]

ESTHER M. TEETER, Appellant, v. CITY OF LOS AN-
GELES (a Municipal Corporation) et al., Respondents.

S. C. Schaefer, W. W. Bixby and L. A. Beadles for Appellant.

Jess E. Stephens, Herman Mohr, Arthur M. Ellis and Charles C. Carleton for Respondents.

RICHARDS, J.—This action was instituted for the purpose of rescinding a deed by which plaintiff conveyed to the City of Los Angeles an easement over her property for street purposes and to enjoin the city and G. W. Ellis from carrying out the terms of a contract for the doing of work called for by certain ordinances of the City of Los Angeles, partially on the property deeded by plaintiff to the city. It is also asked that the ordinances in question be declared null and void. The two ordinances above mentioned were passed and adopted by the City of Los Angeles in furtherance of proceedings taken under the Street Improvement Act of 1911 (Stats. 1911, p. 730), and amendments thereto, to open and improve certain designated streets in the City of Los Angeles.

The complaint, as finally amended, purports to state two causes of action, in both of which the City of Los Angeles and G. W. Ellis, the contractor to whom the work has been

awarded, are made defendants, all other defendants having been dismissed by the trial court. The first count attempts to state a cause of action for the rescission of the deed mentioned above. Plaintiff fails to ask any relief suitable to such an action. The second count attempts to state a cause of action to enjoin the doing of the street work authorized by the above-mentioned ordinances. Defendants interposed a general demurrer to the entire complaint, and various special demurrers to each cause of action. The demurrer was sustained without specifying the grounds thereof, and plaintiff was given leave to amend. Plaintiff failed to amend and judgment of dismissal was entered. From this judgment plaintiff has appealed.

For purposes of convenience the alleged second cause of action will be considered first. It is alleged that plaintiff is a resident of the City of Los Angeles and the owner of real property in the assessment district. Then follow allegations concerning the passing of the ordinances and the awarding of the work to defendant Ellis. It is then alleged, among other things, that the ordinance of intention directed one type of improvement, but the plans proposed are at a material variance thereto; that certain improvements have been ordered that are no part of the ordinance of intention; that part of the lands through which the improvement is to go were not dedicated to or taken for a public street; that the description of the work does not comply with the Street Improvement Act of 1911; that said ordinance does not briefly describe the work to be done; that the said ordinance does not state the general location of the improvement; that the entire proceedings were void; that part of the work is to be done over land to which the city has no title. To this cause of action the defendants demurred on the ground, among others, that no objection to the proceedings had been made before the city council. We think this is a valid ground of demurrer. The law is well settled that before an injunction will be granted the plaintiff must exhaust her legal remedies. This rule requiring the exhaustion of legal remedies extends to remedies afforded by statute through application to an administrative or municipal body. (*San Joaquin etc. Irr. Co.* v. *Stanislaus County*, 155 Cal. 21 [99 Pac. 365].)

Under the Street Improvement Act of 1911, *supra,* it is provided that all protests against the proposed work must be first filed and pursued before the city council, and all objections not so made shall be deemed waived. This court, in an exhaustive review of the subject, has recently held that the failure to so object before the city council constitutes a waiver of the objections, and such a protestant cannot later, in a proceeding in court or elsewhere, object to the proceedings. (*Blake* v. *City of Eureka,* 201 Cal. 645 [258 Pac. 945].) What was said in that case is conclusive of the question here involved, and need not be here repeated. It follows, therefore, that the second cause of action is subject to the demurrer, which was in effect a general one, and that the trial court would have been justified in sustaining a demurrer, without leave to amend, to this cause of action.

The first count attempts to state a cause of action for the rescission of a deed. It is immaterial that this relief was not asked for, the prayer being no part of the cause of action. In this first cause of action it is alleged, among other things, that plaintiff on October 27, 1926, was the owner of certain designated real property; that on that date the City of Los Angeles offered to purchase a right of way for public street purposes over plaintiff's lands; that to induce the plaintiff to agree to said offer of purchase the defendant City of Los Angeles, by and through its duly authorized representatives, falsely and fraudulently represented to her:

"That said defendant City of Los Angeles was to open and widen, and would open and widen, through its entire length, that certain street known and designated as Hansen street; that said Hansen street is to have a width of eighty feet its entire length; that the majority of other owners of land touching the proposed street had deeded a permanent easement and right of way to the city in, over, along, upon and across said Hansen street, and that others had agreed so to do; that the City of Los Angeles would proceed to obtain a permanent easement and right of way, for the full said width of eighty feet for the entire length of Hansen Road, of those property owners affected who refused to convey; that said city represented that said defendant City of Los Angeles would not assume to exercise any right or

title under or by virtue of a certain deed hereinafter mentioned, until after a right of way for a full width of eighty feet along the entire length of said Hansen Road had been acquired by said defendant city; . . . ''

It is then alleged that the said representations were false in that the City of Los Angeles is not to open and will not open throughout its entire length that certain street known as Hansen Street; that the said street is not to have a width of eighty feet throughout its entire length; that a majority of the owners have not agreed to grant the easement to the city; that the City of Los Angeles will not proceed to condemn a right of way for the entire length of Hansen Street, and that the city is attempting to exercise right and title under the deed before acquiring the total and complete easement. Plaintiff then states that in reliance on the false and fraudulent representations and believing the same to be true she deeded the easement to the city without condemnation; that she did not discover the falsity of the representations until June 24, 1927, at which date she made demand on the city for a reconveyance of the property, which was refused. To this cause of action the defendants filed a general demurrer, and also filed a special demurrer on several grounds, among which was the ground that the contractor was not a proper party to this cause of action, because it nowhere appears that he participated in the alleged fraudulent representations.

The defendant Ellis was a proper party to the second cause of action and under section 379b of the Code of Civil Procedure it was not necessary that each defendant be interested as to all the relief sought, or as to every cause of action included in any proceeding against him. The first cause of action was therefore sufficient as against the general demurrer of the defendants and the special demurrer on the ground that it was not shown that the defendant Ellis had a part in the alleged fraud was not well taken under said section 379b. Furthermore, the first cause of action sufficiently alleges a cause of action to quiet title as against both defendants. The other grounds of special demurrer to the first cause of action we deem insufficient.

The judgment as to the second cause of action is affirmed, and as to the first cause of action the judgment is reversed,

with direction to the trial court to overrule the demurrer thereto.

Shenk, J., Seawell, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.