[S. F. No. 16279.  In Bank.—August 18, 1939.]

NICK SKALKO, Appellant, v. CITY OF SUNNYVALE
(a Municipal Corporation), Respondent.

Joseph F. Di Maria for Appellant.

N. E. Wretman for Respondent.

EDMONDS, J.—The appellant, as owner of real property in the city of Sunnyvale, sought a declaratory judgment that a zoning ordinance restricting the use of his property is void as to him. Ruling adversely to his contentions, the trial court decided in favor of the city.

There is little dispute concerning the facts. It appears that by the challenged enactment, property within the city of Sunnyvale has been placed in either a residential, commercial or industrial zone. The appellant's land is in a residential district, but its north line is also the boundary between that district and an industrial district. A cannery, said to be the largest in the world, employing about 3,000 workers during six months of the year and many hundreds for an additional three months, is located about 100 feet from the appellant's property. This cannery works night and day, with three shifts of employees.

At one side of the appellant's property but upon the land of the cannery are a warehouse and some huge piles of empty boxes. In front of the property there are also four piles of these boxes, each about a city block in length and apparently more than twenty feet high. During most of the year boxes are being placed in or taken from these piles at all hours of the day and night. The streets for about one-half mile from the plant are used to park the automobiles of the cannery workers and others. The area around the appellant's property is sparsely settled, and devoted to agricultural use. The few dwellings in the neighborhood have a rather low value.

There is heavy automobile and truck traffic in front of the appellant's property throughout the year, but principally during the operating season of nine months. For six months of the year this traffic continues during both day and night. At a distance of 450 feet, 80 trains a day pass over the main line of the Southern Pacific Company, and it maintains two

spur tracks to the cannery upon which freight cars are hauled at all hours.

The machinery of the cannery can be heard for a long distance as a continuous hum. There is also, at irregular intervals, the noise of escaping steam from the popping off of safety válves and, twice a day, from the cleaning of boilers.

As described by the appellant, his property consists of five acres upon which he had prune trees at one time. These trees were removed because of the insects which came over to them from the piled boxes of the cannery across the street, and there is now nothing on it but a barn and a house worth about $1,000. Desiring to operate a cafeteria, light lunch and refreshment stand upon his land, he submitted to the city trustees of Sunnyvale petitions for inclusion of his property in the business district. These petitions were denied.

Although challenging the validity of the zoning ordinance upon the ground that it was not adopted in compliance with the Zoning Act of 1917 (Stats. 1917, p. 1420), the appellant's principal contention is that the present restriction upon the use of his property under the conditions now existing may not be upheld as a reasonable exercise of the police power to protect public health, safety, morals and general welfare. A zoning ordinance, he asserts, may be valid in its general aspects and at the same time be clearly arbitrary and unreasonable as applied to particular property.

The constitutionality of the principle of zoning is no longer an open question, and the right of a municipality to divide land into districts and prescribe regulations for its use, consonant with a reasonable exercise of the police power, has long been upheld by the courts. (*Miller* v. *Board of Public Works,* 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479]; *Euclid* v. *Ambler Realty Co.,* 272 U. S. 365 [47 Sup. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016].) Such an enactment must be considered with every intendment in its favor, and a court will not, except in a clear case, interfere with the legislative discretion which has been exercised in its adoption. Unless the measure is clearly oppressive, it will be deemed to have been adopted within the purview of the police power. (*Zahn* v. *Board of Public Works,* 195 Cal. 497 [234 Pac. 388].)

But where the exercise of that power results in consequences which are oppressive and unreasonable, courts do not hesitate to protect the rights of the property owner against

the unlawful interference with his property. In other words, the governmental power is not unlimited, and a regulation of the use of property must rest upon a reasonable exercise of the police power. (*Nectow* v. *Cambridge*, 277 U. S. 183 [48 Sup. Ct. 447, 72 L. Ed. 842].) Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. (*Washington* v. *Roberge*, 278 U. S. 116 [49 Sup. Ct. 50, 73 L. Ed. 210, 86 A. L. R. 654].)

■ Also, the police power must be applied to existing conditions. (*Miller* v. *Board of Public Works, supra*.) "The principle that a police regulation, valid when adopted, may become invalid because in its operation it has proved to be confiscatory, carries with it the recognition of the fact that earlier compliance with the regulation does not forfeit the right of protest when the regulation becomes intolerable". (*Abie State Bank* v. *Bryan*, 282 U. S. 765 [51 Sup. Ct. 252, 75 L. Ed. 690].) Where conditions have changed since the legislative action was taken, "statutes and ordinances, which, after giving due weight to the new conditions are found clearly not to conform to the Constitution, of course, must fall". (*Euclid* v. *Ambler Co., supra*.) The question, therefore, is whether under the facts shown by the appellant his rights are now being invaded by the existence and maintenance of the ordinance.

■ Considering all the facts shown by the record, it clearly appears beyond question that the land owned by the appellant is entirely unsuited for residential purposes. The adjoining cannery with the continuous noise which must necessarily result from twenty-four hour operation, creates a situation similar to that which is found in the industrial part of a great city. Certainly no one wants to live next door to a large factory, and the question whether any consideration of public health, peace, safety or general welfare justifies the continued restriction upon the appellant's property which prohibits its use for commercial purposes is not fairly debatable. In its application to the land owned by the appellant, the ordinance is void. (*Hurst* v. *City of Burlingame*, 207 Cal. 134 [277 Pac. 308].)

The judgment is therefore reversed with directions to enter judgment for the appellant.

Curtis, J., Shenk, J., Houser, J., and Pullen, J., *pro tem.*, concurred.

Rehearing denied.