[Sac. No. 5406. In Bank.—February 7, 1941.]

GANTNER & MATTERN COMPANY (a Corporation), Petitioner, v. CALIFORNIA EMPLOYMENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Gladstein, Grossman & Margolis and Milton Marks for Petitioners.

Earl Warren, Attorney-General, and John J. Dailey, Deputy Attorney-General, for Respondents.

Brobeck, Phleger & Harrison, *Amici Curiae*, on behalf of Respondents.

THE COURT.—This case was ordered transferred to this court on our own motion, after decision by the District Court of Appeal, Third Appellate District, in order that it might be considered together with the case of *Abelleira* v. *District Court of Appeal*, S. F. 16357, then pending before us. Our decision in the Abelleira case, this day filed, reaches the same conclusion as did the District Court of Appeal in the instant case. Accordingly, we hereby adopt its opinion, with minor changes, as the opinion of this court. It reads as follows:

Petitioner herein is a corporation engaged as a manufacturer and wholesaler of knit goods. Among its many employees were janitors, who were members of the Building Service Employees' International Union, Local No. 87; some 150 others were engaged as employees in the manufacturing, packing and shipping of knit goods and were members of Knitgoods Workers' Union, Local No. 191, International Ladies' Garment Workers' Union; still other employees, according to their particular craft or occupation, were members of Office Employees' Union, Local No. 21320, Machinists Lodge

No. 68, Warehousemen's Union, Local No. 860, and Building Service Employees' International Union, Local No. 87.

On October 10, 1939, petitioner discharged a janitor then in its employment, who was a member of the Building Service Employees' International Union heretofore referred to. Thereafter the union demanded of petitioner that it reemploy and reinstate the janitor, which demand was, by petitioner, refused. On October 16, 1939, the Building Service Employees' Union declared a strike against said petitioner, and established a picket line at the factory of the Gantner & Mattern Company, in which picket line the several unions, except the Knitgoods Workers, joined and participated.

Upon the declaration of the strike and the establishment of the picket line the members of the Knitgoods Workers' Union left their work at the establishment of petitioner and refused and still refuse to return to their work at the plant of petitioner.

Thereafter these employees, members of the Knitgoods Union, made application to the respondent commission for the payment to them of unemployment benefits, and pursuant to an order of respondent commission, petitioner filed a list of its employees, members of the Knitgoods Union who were in its employment at the time the strike was declared, and who had left their work because of the strike and picket line. Subsequent to the filing of such list of employees, respondent commission, through its adjustment unit, ordered and directed the payment of unemployment benefits to the employees of petitioner, members of the Knitgoods Workers' Union. Thereafter, and within the time fixed by the Unemployment Insurance Act (Stats. 1935, chap. 352 Deering's Gen. Laws, Act 8780d) petitioner filed with respondent commission an appeal in writing from the decision of the adjustment unit of the respondent commission, setting forth that the jobs of said employees were then and there at all times open to said employees, and that these employees had left their work because of a strike and the maintenance of a picket line and were disqualified to receive benefits under the provisions of the act, and particularly section 56 thereof.

Upon the filing of this appeal with respondent commission, it was referred to a referee who, after a hearing, recommended that unemployment benefits be paid to said employees, members of Knitgoods Workers' Union, Local No. 191.

To prevent such payment, petitioner, by this writ of mandate, seeks to prevent respondents from paying any unemployment benefits to the members of the Knitgoods Workers' Union, to recover back all benefits already paid to them, and to enforce the provisions of the Unemployment Insurance Act.

■ The main point urged in this proceeding is that petitioner has failed, without justifiable excuse, to exhaust its statutory remedies, and for that reason this court should refuse to issue its writ of mandate.

Section 72 of the Unemployment Act as amended in 1939 provides that any party to a decision by a referee may appeal to the commission from such decision, and the commission may, on its own motion, affirm, modify or set aside any decision of the referee on the basis of the evidence previously submitted in such case or direct the taking of additional evidence.

We are of the opinion that where a procedure is provided, as here, a party must first exhaust his statutory remedies before this court can intervene.

*San Joaquin etc. Co.* v. *County of Stanislaus et al.*, 155 Cal. 21 [99 Pac. (2d) 365], holds that a water company engaged in the business of furnishing water for irrigation cannot maintain an action to have declared void orders of the board of supervisors establishing the maximum rates for water, and to enjoin the enforcement of such rates, on the ground that the same were unfair and unreasonable, if the company had made no attempt within a year to secure a readjustment of the rates by petition to the supervisors.

*In re Kehr*, 190 Cal. 401 [212 Pac. 913], in which a writ of mandate to compel a superior court to hear a petition for distribution, where money had been paid to the state treasurer under the provisions of section 1737 of the Code of Civil Procedure, was denied on the ground that the remedy of petitioner was first by proceedings found in section 1272a of the Code of Civil Procedure.

*Teeter* v. *Los Angeles*, 209 Cal. 685 [290 Pac. 11]. Here a property owner attempted to enjoin a city from carrying out the terms of a contract to improve certain streets. He failed, however, to first file his protest before the city council, as required by the Street Improvement Act of 1911, and a writ was denied.

*Collier* v. *Astor*, 9 Cal. (2d) 202 [70 Pac. (2d) 171]. "Any action involving a controversy arising under the Private Employment Agency Act (Stats. 1913, p. 515) brought in the

superior court, without first referring the controversy to, and securing the determination of, the labor commissioner, is prematurely brought, and cannot be maintained.'' (Syllabus.)

■ It is here argued by petitioner that by a long line of decisions the commission has made plain its views as to the law applicable to a situation similar to the one now before us, and that it would have been an idle act to have asked for a review by the commission. But be that as it may, we cannot presume that the commission, having adopted a particular rule or policy in like cases in the past, would necessarily have applied the same rule in the case at bar. The exhaustion of remedial procedure as laid down by the statute is required unless the petitioner can positively state that the commission has declared what its ruling will be in the particular case, and that, petitioner is unable to do.

For that reason, and upon that ground, the writ of mandate is denied.

SHENK, J., Dissenting.—I dissent.

This proceeding in *mandamus* was decided on the merits by the District Court of Appeal, is here pursuant to an order of transfer, and is now decided by this court likewise on the merits. The principal question, as I see it, is whether the statutory remedy of appeal to the commission after decision by the referee is an adequate remedy on behalf of petitioner in the light of the admitted facts and the proper construction of the statute. That the administrative remedy afforded by statute must be an adequate remedy is not disputed.

The rule of exhaustion of remedies does not require blind enforcement. It is an outgrowth of the rule that a petitioner may not invoke the extraordinary redress of the courts if he has another adequate legal remedy, exemplified in the rules governing the issuance of the writ of *mandamus* (sec. 1086, Code Civ. Proc.) and the writ of review (sec. 1067, Code Civ. Proc.). The basis of the rule excluding the petitioner from the redress sought is that his legal remedy is adequate. In contemplating the question of adequacy, realities as well as theories must be considered. This is the point at which I depart from the opinion of the majority.

In the petition for a writ of *mandamus* it is alleged that the commission has adopted a rule binding upon all the officers, referees, and employees of the commission charged with the administration of the act and the payment of benefits there-

under. The alleged rule is to the effect that notwithstanding the provisions of section 56 (a) of the act, the commission will order and direct that unemployment benefits ''be paid to employees belonging to one union who leave their work by reason of a trade dispute actually in existence at the establishment at which they are employed, where such trade dispute is evidenced by a strike and picket line declared, established and maintained by another union representing employees in the same establishment, and where the employees seeking benefits under the act have left their work and refused to return thereto, although their employment is available to them, by reason of sympathy with the striking and picketing union and with the union objectives of the trade dispute evidenced thereby.'' It is also alleged that ''Said rule has been kept in force and effect since June 29, 1939, and has been complied with by all officers, employees, deputies and referees, and said Commission and its officers, employees, deputies and referees have publicly and officially declared that said rule will be enforced in all cases submitted to them, or any of them, notwithstanding the express provisions of the Act, and particularly section 56 thereof.''

The commission denied that on or about June 29, 1939, or at any other time, it had ''adopted'' such a rule, but admitted that, through its adjustment unit, it had directed the payment of benefits to the members of Knitgoods Workers' Union, Local No. 191, who refused to cross the picket line established by another union in the same establishment, but denied that the direction was pursuant to any rule ''adopted'' by the commission. The denial is captious in the light of the admission in the answer and the language of the opinion and decision of the referee in this very matter, a copy of which is attached to and made a part of the return to the alternative writ. The opinion so adopted contains the following statement: ''OPINION: The principle is settled by a long line of Commission decisions that the refusal of members of a union which is not engaged in any labor dispute with an employer to cross a picket line established by another union representing a different class of workers which is engaged in a trade dispute with an employer, is not sufficient to invoke the disqualification provided by Section 56 (a) of the Unemployment Insurance Act.'' The opinion then cites twelve commission cases to that effect and follows with this positive announcement: ''These decisions are binding upon the Referee in this

case.'' It should here be noted that in the Bodinson case the commission adhered to the same rule.

In the face of these admissions and allegations, it is certain that the commission would affirm the referee's order. To admit and allege that it had uniformly ruled in favor of the allowance of benefits under the facts here disclosed is tantamount to an admission that the commission had adopted a rule on the subject. As stated by the referee, the rule was binding on him. He, therefore, had no discretion in the matter and must decide in accordance with what the commission had announced it would hold on any appeal from the referee's decision. To conclude that an appeal under these circumstances would be an adequate remedy on behalf of petitioner, and that relief should be denied on that ground, would be to ignore the substance of the controversy.

Of course, the Bodinson case had not been decided by this court at the time the respondents filed their answer and return. As the matter then stood, the petitioner was, in my opinion, entitled to the relief sought. However, in the light of our decision in the Bodinson case, the commission has no discretion or alternative except to set aside the referee's order and deny payments which this court has decided would be illegal, if made.

Inasmuch as the official duty of the commission is thus so clearly indicated, the peremptory writ should, in my opinion be granted.

Ward, J., *pro tem.*, concurred.