[Civ. No. 11218.   First Appellate District, Division Two.—February 11, 1941.]

H. W. REGAN, Appellant, v. COUNCIL OF THE CITY OF SAN MATEO, Respondent.

Carl W. Anderson and Breed, Burpee & Robinson for Appellant.

Ernest A. Wilson, City Attorney, Reuel R. Sutton and Kirkbride & Wilson for Respondent.

STURTEVANT, J.—This is an appeal by the plaintiff from the judgment of the Superior Court of the State of California, in and for the County of San Mateo, denying a writ of mandate against the defendant. The plaintiff is the owner of Lots 1, 2 and 3, in Block B of Baywood Blocks, located in the city of San Mateo. Being desirous of erecting a gasoline service station he applied for a permit. Lots 1 and 2 are located in the fourth residential district as defined in Ordinance No. 446 which is a zoning ordinance. Lot 3 is within the boundaries of the third residential district as described in said ordinance. By the terms of the ordinance the erection of gasoline stations in the fourth residential district is permissive, but within the boundaries of the third residential district such use is prohibited.

On July 28, 1937, plaintiff applied for a permit. In that permit the applicant advised the defendant that Lot 3 would be included solely for landscape purposes. The application was referred to the planning commission of the city of San Mateo for hearing and recommendation. A hearing was had before the commission on the 10th day of September, 1937. Prior to that hearing a notice was given as required by the terms of the ordinance. Later a hearing was had and the evidence both oral and documentary was introduced. After the hearing had been had the commission made and filed its recommendation in writing in relation thereto with the city clerk. In said recommendation it advised the granting of the application but it did not pass on the fact whether the granting of the application would or would not be detrimental to the public health, safety, morals, or general welfare of the city of San Mateo. At the regular meeting of the council of the city of San Mateo next succeeding the filing of said recommendation, that is on September 20, 1937, the said council took up the hearing of said application. All of the documentary evidence which had been presented to the planning commission was presented to the council. In addition to the protest which had been presented to the planning commis-

sion other protests were presented to the council. The council also heard oral arguments to the effect that a gasoline station would be detrimental to the surrounding territory. Everyone seeking an opportunity to be heard was granted the privilege. Neither the plaintiff nor anyone acting on his behalf asked to be heard, nor was any evidence presented establishing the difference between the value of the property for a gasoline station and apartment house purposes. After a full hearing the council passed its resolution denying the application upon the ground that the granting of the application would be detrimental to the public health, safety, morals and general welfare. Being dissatisfied with the ruling of the council the plaintiff applied to the superior court for a writ of mandate. He filed a petition that is very full and complete. The defendant appeared and filed an answer that is likewise very full and complete. Therein it interposed numerous denials and pleaded some new matter. A trial was had on the issues made by the plaintiff's complaint and the answer thereto. Evidence was presented that plaintiff's lots could be most profitably used for gasoline station purposes. However there was substantial evidence that said property could be used for apartment house purposes and for that purpose it had a value of from $4,500 to $10,000. After the trial was completed the trial court made findings in favor of the defendant. There was evidence to sustain each finding. Except by inference, we do not understand the plaintiff to contend otherwise. From the judgment entered on said findings the plaintiff has appealed.

The plaintiff contends it was the duty of the trial court to grant him a writ of mandate if the resolution of the defendant was arbitrary, discriminatory, and unreasonable. (*Standard Oil Co.* v. *City of Kearney*, 106 Neb. 558 [184 N. W. 109, 18 A. L. R. 95].) To that contention the defendant replies that this is an appeal from a judgment of the superior court and that all intendments are to be made in support of that judgment and every presumption is in favor of its validity. (*Consolidated Const. Co.* v. *Pacific E. Ry. Co.*, 184 Cal. 244, 246 [193 Pac. 238].) Continuing it contends that the record affirmatively shows the trial court found said resolution was not arbitrary, unreasonable, or discriminatory. That reply the plaintiff argues is insufficient. He points to passages in the record showing the council did not cause any notice to be given of the hearing to be had before it.

That contention brings up for consideration the real issue in the case. That issue involves a proper construction of the provisions of Ordinance No. 446, *supra.*

Section 1 defines many words. Section 2 provides, "Excepting as authorized by the provisions of section 12 hereof, no premises shall be used . . . for any purpose other than the uses herein permitted in the district in which it is located by the provisions of this ordinance." By the terms of section 3 the city is divided into eight districts. Section 6, in defining uses permitted in the third residential district, does not mention gasoline service stations. Section 7, concerning fourth residential districts, authorizes the use for gasoline service stations "permitted with a permit from the city council". Section 12, "Non-conforming uses", provides for "A. Regulation of Use", and "B. Procedure to establish use." The last subdivision is divided into eleven subsections. In subsection 1 an application is provided for. In subsection 2 the form of the application is prescribed. In subsection 3 the exhibits required are enumerated. In subsection 4 it is provided that the city clerk will set the application for hearing. In subsection 5 the form, manner, and time of notice are prescribed. In subsection 6 it is provided that at the time set the hearing will be had. The ordinance continues: (Subsection 7.)

"7. Recommendation. Thereafter the commission shall make and file its recommendations in writing in relation thereto with the city clerk. The commission may recommend the granting or denial of the application, or the granting of only part of the uses sought to be established, . . . If said commission finds that the granting of such petition will not be detrimental to the public health, safety, morals or general welfare, it shall recommend that a permit be issued, subject to such conditions, if any, as it may deem advisable. . . . In passing on said application the planning commission shall also consider the character of use of the adjacent and surrounding territory, and the scope and trend of the development of uses therein. . . .

"8. Hearing by council. At its next regular meeting after the filing of such recommendations with the city clerk, or at any time to which the matter may be continued, the city council shall proceed to pass upon same, and no other notice need be given.

"9. Order by council. Thereafter the city council shall make and file its resolution and order determining said application, and shall consider and determine same in accordance with the provisions hereof as to the manner of action by the planning commission.

"10. Decision final. The action of the city council in relation thereto shall be final and conclusive upon the applicant, and such decision shall run with the land.

"Section 15. Special permits. A. Regulation of Use. 1. Extent of use. In all cases where a use is herein conditioned to be exercised upon obtaining a permit therefor from the city council, it shall be unlawful to exercise same without having first obtained such permit therefor." Subsection 3 provides the procedure shall be the same as under section 12. "4. Hearing and Recommendation by planning commission. The planning commission shall hear such application and shall make a recommendation thereon in the manner and form herein provided for establishing nonconforming uses, and in so doing may recommend the granting or denial of said application, or the temporary granting of same, in whole or in part, but it shall not recommend the granting of same as to any property when no notice has been given." Then in section 16 power is conferred on the city council to issue subpoenas, require the attendance of witnesses and the production of records and documents. The plaintiff quotes from *Drummey* v. *State Board of Funeral Directors,* 13 Cal. (2d) 75, where the court says, on page 85 [87 Pac. (2d) 848] : "In view of these principles, it necessarily follows that the court to which the application for mandate is made to secure the restoration of a professional license must exercise an independent judgment on the facts. This does not mean that the preliminary work performed by the administrative board in sifting the evidence and in making its findings is wasted effort. As was pointed out in the St. Joseph Stock Yards case, *supra,* (298 U. S. 38 [56 Sup. Ct. 720, 80 L. Ed. 1033]) in weighing the evidence the courts can and should be assisted by the findings of the board. *The findings of the board come before the court with a strong presumption of their correctness, and the burden rests on the complaining party to convince the court that the board's decision is contrary to the weight of the evidence.*" (Italics ours.) ■ The plaintiff then argues that the recommendation of the planning commission should be given the greater weight because it caused

notice to be given before holding a hearing; and that the city council did not cause notice to be given before it held a hearing. That argument may not be approved for two distinct but separate reasons. In the first place the recommendation of the commission did not. comply with an expressed condition of the ordinance. To be complete a recommendation to grant a permit should have made a finding. that the granting thereof would " . . . not be detrimental to the public health, safety, morals, or general welfare . . . " (sec. 12, subsec. 7, *supra*) but it did not do so. In the second place the plaintiff takes up the ordinance piecemeal. ██ The ordinance should be construed as a whole. As so construed it does not provide for two hearings. It provides that the planning commission shall be a fact finding body for the council and file its recommendations. It further provides that the council will have before it such recommendations and such other and additional evidence as will enable it to determine the issue before it. Furthermore the ordinance distinctly provides that the council will make the determination and that the council's determination will be final and conclusive. In other words, as we construe the ordinance it provides that the planning commission will be called upon to perform similar functions to those performed by a referee appointed by a court. The ordinance provides for one hearing and one determination. That hearing commences before the planning commission. Before the hearing commences notice of its initiation should be given as prescribed in subsection 5, *supra*. The hearing continues and does not end until a determination thereof is made as provided in subsection 9, *supra*. Although the council did not cause a second notice to be given before it took up the hearing, its determination was not arbitrary.

██ As the ordinance did not provide for a second notice we understand the plaintiff to contend that the act of the council resulted in taking his property without due process. The point may not be sustained for several reasons. He has his property. It has not been taken from him. He has merely been denied a favor. (*Rubin* v. *Board of Directors of City of Pasadena*, 16 Cal. (2d) 119 [104 Pac. (2d) 1041].) Again, if his property rights have been affected, that result was not caused by the determination complained of but it was caused by the enactment of the ordinance. (*Board of Zoning Appeals* v. *Waintrup*, 99 Ind. App. 576 [193 N. E.

701, 705].) Finally, as the provisions hereinabove set forth clearly show, at the commencement of the proceeding the city clerk gave notice as prescribed by the ordinance, later the commission filed its purported recommendation. The hearing thereof was, by the terms of subsection 8 of section 12 set for the next regular meeting of the council. That was a sufficient notice of the hearing. (*San Diego Land etc. Co.* v. *National City*, 174 U. S. 739 [19 Sup. Ct. 804, 43 L. Ed. 1154].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 3, 1941.