[L. A. No. 18763. In Bank. May 2, 1944.]

PAUL METCALF et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

Anderson & Anderson for Appellants.

J. H. O'Connor, County Counsel, and Edward H. Gaylord, Deputy County Counsel, for Respondent.

GIBSON, C. J.—This is an appeal from a judgment of dismissal in an action to enjoin the enforcement of a zoning ordinance of the county of Los Angeles insofar as that ordinance affects certain real property owned by plaintiffs.

Plaintiffs are the owners of five contiguous parcels of land aggregating about 83½ acres, which, according to the allegations of the complaint, are unfitted for and have no appreciable value for any purpose other than use in the business of rock development and rock crushing. Plaintiff company, in addition to owning two of such parcels, has obtained options to purchase the real property of its coplaintiffs and intends to exercise the same "if, only, and when the [property] can legally be used for . . . rock development and rock crushing purposes . . . without interference . . . by defendant . . ." By the provisions of Ordinance No. 1494, New Series, of the County of Los Angeles, as amended by Ordinance No. 2903, New Series, plaintiffs' land is placed in an area zoned principally for residential and agricultural uses and its use for purposes of rock development and rock crushing is prohibited. Section 21 of that ordinance provides that an owner of property located within any zone established thereby may petition the Regional Planning Commission to have his property excepted from any particular restriction applicable to such property, that the commission shall cause an investigation to be made and file its report with the board of supervisors, and that the board may except such property from the restriction if it is satisfied that the exception is necessary for the preservation and enjoyment of any substantial property right of the petitioner and is not materially

detrimental to public welfare or injurious to the other property in the vicinity. Under Ordinance No. 1454, New Series, it is unlawful for any person, firm, or corporation to establish, maintain or operate any rock quarry, sand or gravel pit, rock-crushing plant, or any apparatus for the manufacture or production of rock, sand or gravel upon plaintiffs' land without first obtaining a license and permit to do so. A license may be issued thereunder by the tax collector upon approval of the board of supervisors after due notice and hearing, and a permit may be issued by the chief engineer of the County Flood Control District upon conditions prescribed by the board of supervisors. None of the plaintiffs nor their predecessors in interest has ever applied for an exception pursuant to section 21 of Ordinance No. 1494 or for a license pursuant to Ordinance No. 1454.

It is alleged that defendant threatens to prevent plaintiffs from establishing a rock-crushing plant upon their premises and to compel them to restrict the use of their land to residential and agricultural uses. The action was brought on the theory that enforcement of Ordinance No. 1494 would unconstitutionally deprive plaintiffs of their property by inhibiting the use of their land for purposes for which it is particularly suited and for which it has a reasonably high value. At the trial the parties filed a stipulation of facts and waived findings and conclusions of law. The trial court sustained defendant's objection to the introduction of evidence by plaintiffs and dismissed the action on the ground that it was ''prematurely brought in that none of the plaintiffs applied for an exception to the zoning ordinance attacked and none of the plaintiffs applied for a permit pursuant to Ordinance No. 1454, New Series, to establish or maintain a rock quarry.''

A party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief. (*Alexander* v. *State Personnel Bd.,* 22 Cal.2d 198, 199 [137 P.2d 433]; *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Gantner & Mattern Co.* v. *California E. Com.,* 17 Cal.2d 314, 317 [109 P.2d 932]; *Teeter* v. *Los Angeles,* 209 Cal. 685, 687 [290 P. 11].) Defendant contends that plaintiffs failed to com-

ply with this rule since they did not petition the Regional Planning Commission to have their property excepted from the restrictions of the challenged zoning ordinance pursuant to section 21 thereof. On the other hand, plaintiffs contend that the doctrine of exhaustion of administrative remedies does not require them to follow the procedure prescribed by an ordinance which they allege is void as to their property.

It should be noted at the outset that plaintiffs challenge the ordinance only insofar as it prevents a particular use of their property and do not otherwise question its validity. Where an ordinance is attacked as unconstitutional in its entirety, the authorities are divided as to the necessity of invoking administrative remedies prescribed by that ordinance. (See *Porter* v. *Investors Syndicate*, 286 U.S. 461, 468 [52 S. Ct. 617, 76 L.Ed. 1226] ; *Hirsh* v. *Block*, 267 F. 614, 618 [50 App.D.C. 56, 11 A.L.R. 1238] ; *United States* v. *Superior Court*, 19 Cal.2d 189, 195 [120 P.2d 26] ; *Central Trust Co.* v. *City of Cincinnati*, 62 Ohio App. 139 [23 N.E.2d 450, 452-453].) But where, as here, the ordinance is alleged to be unconstitutional only as applied to particular property, it has been held in other jurisdictions that before a party can make such an attack he must apply to the zoning authorities for an exception or variance under the act. (*Central Trust Co.* v. *City of Cincinnati*, 62 Ohio App. 139 [23 N.E.2d 450] ; *Taylor* v. *Haverford Township*, 299 Pa. 402 [149 A. 639] ; see *Downham* v. *City Council of Alexandria*, 58 F.2d 784, 788; *Dowsey* v. *Village of Kensington*, 257 N.Y. 221, 229 [177 N.E. 427, 86 A.L.R. 642] ; *cf. People* v. *Calvar Corporation*, 286 N.Y. 419 [36 N.E.2d 644, 136 A.L.R. 1376] ; *Payne* v. *Borough of Sea Bright* (N.J.Supp.), 187 A. 627.) While there are no California cases directly in point, we are of the opinion that logic and the decisions of this court in analogous situations compel a like holding in this case. (*Cf. San Joaquin etc. Irr. Co.* v. *Stanislaus County*, 155 Cal. 21 [99 P. 365] ; *Collier & Wallis, Ltd.* v. *Astor*, 9 Cal.2d 202 [70 P.2d 171] ; *Alexander* v. *State Personnel Bd.*, 22 Cal.2d 198 [137 P.2d 433].)

A zoning ordinance places limitations upon the use of land within designated areas in accordance with the general policy adopted by the legislative body. The ordinance may be arbitrary and discriminatory in isolated cases as applied to certain property, and compliance therewith may present un-

usual difficulties in many other instances. But it is manifestly impracticable, if not impossible, to enumerate in the ordinance itself the varied factual situations to which the ordinance is not applicable because of constitutional objections or other special considerations. Consequently, almost every zoning ordinance, including the one under consideration, contains provisions whereby an owner may apply to an administrative body for permission to put his land to a nonconforming use. As stated in *Thomas* v. *Board of Standards and Appeals,* 263 App.Div. 352 [33 N.Y.S.2d 219, 230], "the variances permitted by the Zoning Resolution are in the nature of safety valves to prevent the oppressive operation of the Zoning Regulations in particular instances. . . . The history of all the litigation involving zoning regulations shows that to insure the validity of the zoning plan for an entire municipality, the legislative body must vest in some subordinate body the power to grant variances in appropriate cases. . . ." (See, also, *Rubin* v. *Board of Directors,* 16 Cal.2d 119, 124 [104 P.2d 1041].) In our opinion, until an application for a variance or exception is made and acted upon, the "legislative process remains incomplete." (*Porter* v. *Investors Syndicate,* 286 U.S. 461, 468 [52 S.Ct. 617, 76 L.Ed. 1226].) This conclusion is strengthened by the fact that in excepting property from the restrictions of Ordinance No. 1494 the board of supervisors may impose "such terms and conditions as said board may deem proper under the . . . circumstances." If the landowner is permitted to ignore the procedure set forth in the ordinance whereby he may have his property excepted from the restrictions thereof, the board's statutory power to impose terms and conditions upon particular uses of property is circumvented. Equity's jurisdiction is limited by the existence of a tribunal created or given additional powers for the very purpose of making factual determinations and alleviating the hardships of an oppressive statute as applied to the facts related by each complainant.

Plaintiffs argue, however, that in applying for an exception under section 21 they would in legal effect be requesting a mere favor from the zoning authorities upon the assumption and admission that the ordinance is valid, and that, therefore, an application for an exception is not a remedy or, in any event, not an adequate remedy. The argument that an application for an exception is not a remedy rests upon the

assumption that the means provided by an ordinance to redress or prevent an injury are not a remedy when the relief sought thereby may be granted or withheld in the discretion of the body to which application is made.  In *San Joaquin etc. Irrigation Co.* v. *Stanislaus County*, 155 Cal. 21, 27 [99 P. 365], however, this court stated that the "remedy" to be exhausted before judicial relief might be obtained includes or consists of the "opportunity to obtain adequate relief by application to a legislative or administrative municipal body, like a board of supervisors, with reference to the very matter of which [the parties] complain in an action in equity . . ."  In the present case plaintiffs seek by judicial intervention to be relieved from the restrictions imposed by the zoning ordinance, and by the provisions of section 21 of that ordinance they are afforded an "opportunity to obtain adequate relief by application to a legislative or administrative municipal body, like the board of supervisors, with reference to the very matter of which they complain in [this] action in equity."  (See, also, *United States* v. *Superior Court*, 19 Cal. 2d 189, 196 [120 P.2d 26].)

The fact that an exception might have been granted or denied in the discretion of the board of supervisors had application been made (*Rubin* v. *Board of Directors*, 16 Cal.2d 119, 126 [104 P.2d 1041]; *Regan* v. *Council of City of San Mateo*, 42 Cal.App.2d 801, 806 [110 P.2d 95]), does not render the remedy inadequate.  (See *Alexander* v. *State Personnel Board*, 22 Cal.2d 198, 200 [137 P.2d 433]; *Gantner & Mattern Co.* v. *California E. Com.*, 17 Cal.2d 314, 318 [109 P.2d 932]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 300, 301 [109 P.2d 942, 132 A.L.R. 715].)  Nor does the fact that an application for an exception admits the constitutionality of the ordinance render the remedy inadequate. ▮   Had plaintiffs requested and been denied an exception, they would not have been barred from asserting in appropriate judicial proceedings that the zoning ordinance was unconstitutional as to their property.  (*Rubin* v. *Board of Directors*, 16 Cal.2d 119 [104 P.2d 1041]; *Skalko* v. *City of Sunnyvale*, 14 Cal.2d 213 [93 P.2d 93].)

Plaintiffs further contend that the rule relied upon by defendant is inequitable because it would operate to delay the legal assertion of their rights and to suspend the use of their land until their application had been acted upon.  That con-

tention constitutes an attack upon the entire doctrine of the exhaustion of administrative remedies. (*Cf. Collier & Wallis, Ltd.* v. *Astor,* 9 Cal.2d 202, 206 [70 P.2d 171] ; *United States* v. *Superior Court,* 19 Cal.2d 189, 196 [120 P.2d 26].)

The cases cited by plaintiffs do not support their position that an owner may attack the constitutionality of a zoning ordinance as applied to his property without first seeking to have such property excepted by the zoning authorities from the restrictions of the ordinance. In *Rubin* v. *Board of Directors,* 16 Cal.2d 119 [104 P.2d 1041], the landowner applied for and was denied a variance before he sought to challenge the constitutionality of the zoning ordinance in a judicial proceeding. Similarly, in *Skalko* v. *City of Sunnyvale,* 14 Cal.2d 213 [93 P.2d 93], plaintiff petitioned the city trustees for inclusion of his property in the business district before seeking a judicial declaration that a zoning ordinance placing his property in a residential district was void as to such property. In *Matter of Application of Throop,* 169 Cal. 93 [145 P. 1029] ; *Bank of America* v. *Town of Atherton,* 60 Cal.App.2d 268 [140 P.2d 678], and *Del Fanta* v. *Sherman,* 107 Cal.App. 746 [290 P. 1087], it does not appear that the challenged ordinances provided for applications to the zoning authorities for exceptions or variances nor that the property owners failed to apply to the administrative bodies to have their property excepted from the restrictions of the ordinances, and cases are not authority for propositions not considered therein. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 729, 730 [146 P.2d 673].)

The judgment is affirmed.

Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.