[L. A. No. 25225.   In Bank.   May 6, 1960.]

E. R. BRINGLE, Appellant, v. BOARD OF SUPERVISORS
OF THE COUNTY OF ORANGE et al., Respondents.

Blodget, Gilbert & Cochran and John H. Gilbert, Jr., for Appellant.

Pillsbury, Madison & Sutro, Sigvald Nielson and Donald G. McNeil as Amici Curiae on behalf of Appellant.

Joel E. Ogle, County Counsel, Stephen K. Tamura and Adrian Kuyper, Assistant County Counsel, for Respondents.

Harold W. Kennedy, County Counsel (Los Angeles), Edward H. Gaylord and Donald K. Byrne, Deputy County Counsel, as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—Plaintiff owns four acres of land fronting on Bolsa Avenue in Orange County about five or six miles from the city of Santa Ana. The property is zoned for agricultural purposes. In 1952 plaintiff was granted a five-year variance which permitted him to use the property in connection with his excavating business and to maintain a storage yard for a dump truck, crane, and two tractors. Upon the

expiration of the variance, plaintiff applied for another one for the same use. It was granted for five years upon condition that plaintiff dedicate to the county without compensation an easement 30 feet wide and 132 feet long for a right of way for the widening of Bolsa Avenue. Plaintiff brought this proceeding to have the condition declared invalid and to compel defendants to issue the variance without it. We have concluded that the judgment of the trial court holding the condition valid should be affirmed.

Section 19B of Ordinance 351 provides that the board of supervisors after receipt of the recommendation and other action of the planning commission shall under certain circumstances have the power to authorize the issuance of a variance permit. The board is also authorized to impose such conditions on the issuance of the permit as it determines proper to provide for the maintenance of the integrity and character of the neighborhood and the general purpose and intent of the ordinance. Pursuant to provisions of the ordinance, a hearing was held by the planning commission on plaintiff's application for the variance. The record does not contain a transcript of the proceedings. The commission filed its report with the board of supervisors, recommending that the variance be granted for five years upon condition that plaintiff dedicate the easement, and the board accepted the recommendation.

The trial court found that the activity for which the variance was granted will cause an additional traffic burden in front of plaintiff's property, and it concluded that the condition was reasonable.

A variance sanctions a deviation from the standard set by the general zoning ordinance, and the granting of a variance rests largely in the discretion of the body designated by the ordinance for that purpose. (*Beverly Oil Co.* v. *City of Los Angeles,* 40 Cal.2d 552, 560 [254 P.2d 865] ; *County of San Diego* v. *McClurken,* 37 Cal.2d 683, 691 [234 P.2d 972] ; *Rubin* v. *Board of Directors,* 16 Cal.2d 119, 124 [104 P.2d 1041] ; *Flagstad* v. *City of San Mateo,* 156 Cal.App.2d 138, 140 [318 P.2d 825].) Conditions may be attached to the granting of a variance in order to preserve the general purposes and intent of the zoning ordinance. (See *Rubin* v. *Board of Directors,* 16 Cal.2d 119, 124 [104 P.2d 1041] ; *cf. Edmonds* v. *County of Los Angeles,* 40 Cal.2d 642 [255 P.2d 772] ; *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267, 271 [148 P.2d 645].) One of the general purposes is to provide for adequate streets and highways, and a street that might be adequate for the needs of an agricultural area might be inade-

quate if part of the area is to be used for another purpose. In an analogous situation it has been held that a city may require the dedication of land for the widening of an existing street as a condition to its approval of a subdivision map and that such a condition, where reasonably related to the increased traffic and other needs of the proposed subdivision, does not constitute a taking of private property without compensation. (*Ayres* v. *City Council of Los Angeles,* 34 Cal.2d 31, 37 et seq. [207 P.2d 1, 11 A.L.R.2d 503].)

It is urged that the requirement of dedication was not made necessary by reason of plaintiff's proposed use of the property and that the widening of the street was contemplated by the area master plan adopted before the variance was sought. ▆▆▆ Where an authorized board grants a variance it will be presumed that official duty was performed and that the existence of the necessary facts was found, and the board's action will not be disturbed in the absence of a clear showing of an abuse of discretion. (Code Civ. Proc., § 1963, subd. 15; *Flagstad* v. *City of San Mateo, supra,* 156 Cal.App. 2d 138, 140; *Miller* v. *Planning Commission,* 138 Cal.App.2d 598, 602-603 [292 P.2d 278]; *Wheeler* v. *Gregg,* 90 Cal.App. 2d 348, 360-361 [203 P.2d 37]; *Otis* v. *City of Los Angeles,* 52 Cal.App.2d 605, 613 [126 P.2d 954]; see *City & County of San Francisco* v. *Superior Court,* 53 Cal.2d 236, 251 [1 Cal.Rptr. 158, 347 P.2d 294]; *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 323 [144 P.2d 4].) ▆▆▆ Plaintiff did not introduce any evidence as to the effect on traffic conditions of the use of his property in connection with the excavating business or make any showing that the need for widening the street was not related to the proposed use of the property. Nor did he introduce any evidence as to the master plan. In this state of the record, it must be concluded that the board had discretion to require a dedication of a right of way as a condition to granting the variance.

▆▆▆ The fact that the variance is granted for five years while the condition requires the dedication of a perpetual easement does not render the condition unreasonable. The board and the commission on the basis of the evidence before them may have determined that the anticipated development of the surrounding area may make it desirable to reconsider after five years whether to permit the maintenance of the storage yard and the other commercial activities on the property, that plaintiff's contemplated activities would require widening the street in the near future, and that the widening

should be a permanent improvement. The evidence before the board and the commission is not contained in the record, and, as we have seen, in the absence of a showing to the contrary, we must presume that it supported their action.

Plaintiff also contends that the zoning ordinance is void as applied to his property because the land cannot be used for agricultural purposes. This issue was not raised by his pleadings, but he testified in the superior court that the prior owner of the property had been unable to farm it successfully due to the high alkali content of the soil. There is no claim that the ordinance is invalid on its face; its validity is challenged only on the ground that the property is unfit for the purpose for which it is zoned.

Strict adherence to the general scheme of a zoning ordinance may result in undue hardship with respect to certain parcels of land, and in order to insure the validity of the ordinance without substantially impairing its general purpose and intent, provision is ordinarily made for the granting of variances and the imposition of conditions. (See *Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 270-271 [148 P.2d 645] ; *Rubin* v. *Board of Directors*, 16 Cal.2d 119, 124 [104 P.2d 1041].) Where such provisions exist, they are an integral part of the ordinance, and its validity as applied to a particular parcel of land depends not only upon the zoning classification of the property but also upon the action taken with respect to a request for a variance. Where the variance is granted upon reasonable conditions, the landowner can no longer claim that the ordinance is invalid as applied to his property. If this were not so, he could evade compliance with the conditions of the variance and thus circumvent the power to impose reasonable conditions in the public interest.

As we have seen, plaintiff sought permission to use his property in connection with his excavating business and pursuant to the ordinance was granted a variance for the purpose desired subject to a condition which has been determined to be reasonable. Accordingly, even if we assume that plaintiff sufficiently raised the issue at the trial, there is no basis for a conclusion that the ordinance is invalid as applied to his property.

The judgment is affirmed.

Traynor, J., Peters, J., White, J., and Dooling, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.

SCHAUER, J., Dissenting.—In my view the opinion prepared for the District Court of Appeal by Justice Pro Tempore Monroe and concurred in by Presiding Justice Griffin and Justice Shepard (reported in (Cal.App.) 345 P.2d 983) is well reasoned, adequately documented, and correctly defines and resolves the controlling issue presented by the record before us. For the reasons and on the grounds therein elucidated I would reverse the judgment and remand the cause to the trial court with directions to grant the writ and order the issuance of the permit of zone variance without the restrictions about which petitioner complains.

McComb, J., concurred.