[Civ. No. 6667. Fourth Dist. Mar. 27, 1962.]

JON-MAR COMPANY, Plaintiff and Appellant, v. CITY OF ANAHEIM, Defendant and Respondent.

John E. Crooks for Plaintiff and Appellant.

Preston Turner, City Attorney, and Joseph B. Geisler, Assistant City Attorney, for Defendant and Respondent.

COUGHLIN, J.—This is an action by the lessee of a storeroom to declare invalid the provisions of a zoning ordinance which prohibits its use as a beer parlor and to enjoin the enforcement of those provisions. The action purportedly was commenced by the owner of the premises, Allan L. Campbell, as well as by the lessee, Jon-Mar Co., a corporation, the appellant herein, but was withdrawn as to the owner when he protested that he had been joined as a party without his consent. The subject storeroom is located on property that is part of a recent annexation to the City of Anaheim, which thereafter adopted the contested zoning ordinance; was named as a defendant in the instant action; and is the respondent herein.

Immediately prior to its annexation the property in question was in uninhabited territory; was zoned for commercial use; and was the site of a three-storeroom commercial building which had been constructed by the owner. After annexation, the city adopted the zoning ordinance in question which placed the property in a R-A zone, i.e., residential-agricultural, and restricted its use to single family residential buildings or for agricultural purposes. However, existing nonconforming uses were expressly excepted from its restrictive

provisions. At this time, one of the storerooms was occupied by a real estate office and the other two storerooms were unoccupied. The ordinance divided its commercial zones into two categories; one of these, which was designated C-1, covered uses of property for professional offices, service businesses and retail stores, including restaurants and off-sale liquor establishments but excluding beer parlors; and the other, which was designated C-2, extended such uses by adding thereto other retail stores and service businesses, expressly naming "bars, cafes and restaurants."

The subject building was located on the west side of Brookhurst Street between Broadway and Orange Avenues and, at the time of trial, was flanked on each side by other store buildings in which various types of businesses were being conducted, either by virtue of a variance granted pursuant to the ordinance, or as a nonconforming use. The area described included 20 stores occupied by various businesses including 3 where alcoholic beverages were sold for consumption on the premises; and 1 off-sale liquor establishment; 2 service stations; 10 unoccupied storerooms; and 6 vacant lots.

After extension of the zoning ordinance to the annexed territory, appellant applied to the Department of Alcoholic Beverage Control of the State of California for an on-sale beer license to serve beer on the leased premises. Notice of this application was given to the chief of police and to the city council of the respondent city; no protest was made to the issuance of such a license; and the application was granted. However, appellant's subsequent request to the city for a business license to engage in the business of conducting a beer parlor on the premises was denied upon the sole ground that such use thereof was prohibited by the zoning ordinance. At the time of this denial appellant already had commenced its beer parlor operation, and the city threatened to arrest its agents if this operation continued. Thereupon plaintiff instituted the instant action contending, among other things, that the ordinance was invalid because it was unreasonable and arbitrary as applied to the subject premises.

The trial court determined that enforcement of the R-A classification would prevent any practical use of the property of which appellant's storeroom was a part but, because one of the other storerooms in the building on that property had been occupied as a real estate office, which was a designated C-1 zone use, the whole thereof, under the nonconforming use provisions of the ordinance, may be put to any use author-

ized in such a zone; that to subject the appellant's premises to the limitations prescribed for property within a C-1 zone is not unreasonable or arbitrary; that, for this reason, the ordinance is not invalid; that provision is made therein for the granting of variances from proscribed uses upon application, but appellant had not applied for a variance; and that because it did not exhaust available administrative remedies, judicial relief should be denied.

The conclusion of the trial court that appellant's failure to seek a variance for the use of its premises as a beer parlor foreclosed judicial relief was proper, and is determinative of this appeal.

"A party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief." (*Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 269 [148 P.2d 645]; *Lynn* v. *Duckel*, 46 Cal.2d 845, 849-850 [299 P.2d 236].)

This rule governs the disposition of any action attacking the validity of a zoning ordinance upon the ground that the provisions thereof, which restrict the use of particular property are unreasonable and arbitrary where an administrative remedy is provided by which the objectionable restrictions may be eliminated, and the right to a reasonable use obtained. (*Metcalf* v. *County of Los Angeles, supra*, 24 Cal.2d 267, 270; *Triangle Ranch, Inc.* v. *Union Oil Co.*, 135 Cal.App.2d 428, 438 [287 P.2d 537].)

Furthermore, the conclusion of the trial court that the ordinance in question was not invalid also was proper.

Appellant's attack upon the validity of the ordinance is twofold, i.e., (1) that it involves legislation in a field preempted by the state and, (2) that the provisions thereof which prohibit the use of the subject premises as a beer parlor are unreasonable and arbitrary.

As to the first ground, it is contended that the state has preempted the field of legislation in matters which concern the issuance or regulation of liquor licenses; that those provisions of the ordinance which prohibit the use of property for the business of selling liquor thereon invade the legislative area preempted by the state; that appellant obtained a license from the state to sell beer on its premises; and that its use of the latter license may not be curtailed by the defendant city.

However, the initial premises upon which these con-

tentions are based are false. By statutory provision the intent to extend state control to zoning matters through an exercise of its liquor license authority is expressly negatived. With respect to those provisions of the statute governing the issuance of licenses by the state, section 23791 of the Business and Professions Code provides:

"Nothing in this division interferes with the powers of cities conferred upon them by Sections 65800 to 65808 inclusive, of the Government Code," i.e., those which authorize the enactment of zoning laws. Also pertinent are the provisions of section 23790 of the Business and Professions Code which direct that: "No retail license shall be issued for any premises which are located in any territory where the exercise of the rights and privileges conferred by the license is contrary to a valid zoning ordinance of any county or city unless the premises had been used in the exercise of such rights and privileges at a time prior to the effective date of the zoning ordinance."

In *Floresta, Inc.* v. *City Council*, 190 Cal.App.2d 599, 605 [12 Cal.Rptr. 182], the court pointed out that a contention similar to the one advanced by appellant here "confuses the function of zoning with that of the control of the sale of liquor," and rejected a claim that the state had preempted the field of zoning legislation which prohibited the sale of alcoholic beverages in a particular location. Granted the existence of a valid zoning ordinance, the liquor license which appellant received from the state should not have been issued and, in any event, its issuance has no effect upon enforcement of the subject ordinance. (*Floresta, Inc.* v. *City Council, supra*, 190 Cal.App.2d 599; *Town of Los Gatos* v. *State Board of Equalization*, 141 Cal.App.2d 344 [296 P.2d 909].)

Relying upon the fact that the city did not protest the issuance of the subject on-sale beer license, the plaintiff contends that the city is estopped to enforce the provisions of its zoning ordinance which would prohibit the exercise of the privilege conferred by that license. This contention runs contra to the general rule that estoppel will not be invoked against a municipal corporation except "in rare and unusual circumstances" (*Donovan* v. *City of Santa Monica*, 88 Cal. App.2d 386, 394 [199 P.2d 51]; *City of Sacramento* v. *Clunie*, 120 Cal. 29, 30 [52 P. 44]), particularly where application of the doctrine would defeat the operation of a policy adopted to protect the public. (*County of San Diego* v. *California Water etc. Co.*, 30 Cal.2d 817, 825-826 [186 P.2d 124, 175

A.L.R. 747].) The trial court found against any estoppel in this case; the evidence adequately supports this finding; and the facts relied upon by appellant do not constitute the rare and unusual circumstances referred to in the exception to the general rule. (*Donovan* v. *City of Santa Monica, supra,* 88 Cal.App.2d 386, 393.)

The second ground of attack upon the ordinance in question is presented by appellant's contention that it is invalid because, as applied to the subject premises, it is unreasonable and arbitrary. No contention is made that the general classifications prescribed by the ordinance as a whole are subject to such an objection. Particular reliance is placed on the rule that where the use to which surrounding property is put renders the premises in question unsuited or unusable for the only purpose permitted by the ordinance, the provisions which restrict the use thereof to that purpose are unreasonable and arbitrary. (*Wilkins* v. *City of San Bernardino,* 29 Cal.2d 332, 340 [175 P.2d 542]; *Skalko* v. *City of Sunnyvale,* 14 Cal.2d 213, 216 [93 P.2d 93]; *Hurst* v. *City of Burlingame,* 207 Cal. 134, 143 [277 P. 308].) As heretofore noted, the storeroom in question is part of a three storeroom building, and one of these storerooms, at the time the ordinance was adopted, was used as a real estate office. Although the ordinance places this building in a residential-agricultural zone, it further provides that a nonconforming use of a nonconforming building "may be expanded or extended throughout such building." By other provisions of the ordinance, the use of premises as a real estate office is authorized in a C-1 zone. Upon this basis the trial court concluded that the nonconforming use which attached to each of the storerooms in the subject building was any use permitted in a C-1 zone. The evidence supports this conclusion. (See *County of San Diego* v. *McClurken,* 37 Cal.2d 683, 691 [234 P.2d 972].) There is no evidence that the subject storeroom was built for use as a beer parlor. It was adaptable to any of the uses authorized by the C-1 provisions of the ordinance.

The inquiry thus presented is whether the ordinance is unreasonable or arbitrary because it restricts the use of appellant's storeroom to the kind of business authorized in a C-1 zone, which does not include the operation of a beer parlor. (*Paramount Rock Co.* v. *County of San Diego,* 180 Cal.App.2d 217, 225 [4 Cal.Rptr. 317].) The commercial zoning classifications in question, insofar as they apply to retail liquor businesses, are based on a distinction between the business

of selling liquor for consumption on the premises other than at a restaurant or coffee shop, such as at a cocktail lounge or beer parlor, and the business of selling liquor for consumption off the premises or as an incident to the operation of a restaurant or coffee shop. ▆ It has been judicially noticed that "the social impact of a cocktail bar obviously differs fundamentally from that of a store which sells liquor for consumption off the premises." (*Floresta, Inc.* v. *City Council, supra,* 190 Cal.App.2d 599, 606.) The C-1 classification is particularly applicable to a neighborhood shopping center, which is the type of business area wherein appellant's premises are located. The customers attracted to such an area, including those who may use the services of restaurants or coffee shops located therein, ordinarily are not attracted thereto by the business of a beer parlor. Whether, by appropriate zoning regulation, a beer parlor type of business should be excluded from an area designed to cater to prospective customers of ordinary neighborhood retail sales stores, at least, is a matter about which reasonable persons may differ and, under such circumstances, a decision in favor of exclusion may not be deemed unreasonable or arbitrary. ▆ Where the reasonableness of a zoning classification "is fairly debatable, the legislative determination will not be disturbed" by the courts. (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 462 [202 P.2d 38, 7 A.L.R.2d 990] ; *McCarthy* v. *City of Manhattan Beach,* 41 Cal.2d 879, 890 [264 P.2d 932] ; *Sladovich* v. *County of Fresno,* 158 Cal.App.2d 230, 239 [322 P.2d 565] ; *Robinson* v. *City of Los Angeles,* 146 Cal.App.2d 810, 815 [304 P.2d 814].) ▆ The fact that a cocktail lounge is being operated in the subject area, either as a nonconforming use or pursuant to a granted variance, the record not being clear as to the basis therefor, does not render unreasonable the application of the ordinance to the subject premises. (*Wilkins* v. *City of San Bernardino, supra,* 29 Cal.2d 332, 341 ; *Safeway Stores* v. *City Council of San Mateo,* 86 Cal.App.2d 277, 285 [194 P.2d 720].) ▆ The reasonableness of the classification which prohibits appellant's use of its property as a beer parlor exists independently of the isolated nonconforming or variance use which affords other premises in the area a more extensive use. ▆▆ Where the application of zoning restrictions to a classified area as a whole promotes the general welfare, legislation adopting them constitutes a valid exercise of the police power even though their application to particular premises may not have this effect. (*Acker* v. *Baldwin,*

18 Cal.2d 341 [115 P.2d 455]; *Town of Atherton* v. *Templeton*, 198 Cal.App.2d 146, 153 [17 Cal.Rptr. 680].) As a consequence, the existence of a nonconforming use within a designated area is not a decisive factor in determining whether the application of a valid classification to other specific premises in that area is unreasonable or arbi- We are not here concerned with any charge of discrimination, as the appellant has not applied for a variance. Under the circumstances of this case, the fact that other property in the area is being used for a C-2 purpose is immaterial.

Appellant raises a conglomeration of objections to the findings, including variously directed contentions that they are not sufficient to sustain the judgment, are conclusions of law, are not supported by the evidence, are not detailed, and do not cover all of the material issues. We have examined these objections and find them to be without merit. What has been stated heretofore indicates that the court found on all material issues; that its findings were supported by the evidence; and that the findings and conclusions heretofore referred to in this opinion support the judgment rendered. In the main, appellant's objections are directed to a failure to find upon evidentiary matters. The court was not required to make such findings under the circumstances of this case. (*Bloss* v. *Rahilly*, 16 Cal.2d 70, 76 [104 P.2d 1049]; *Aronson & Co.* v. *Pearson*, 199 Cal. 295, 304 [249 P. 191].) The objection that certain findings were conclusions of law is of no consequence since there were adequate findings of ultimate fact sufficient to support the judgment (*Brewer* v. *Simpson*, 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289]), and the conclusions of law do not lose their characteristics as such even though denominated findings of fact. (*Lenchner* v. *Chase*, 98 Cal.App.2d 794, 802 [220 P.2d 921].)

The judgment is affirmed. ·

Griffin, P. J., and Shepard, J., concurred.